BAKEWELL v. McKEE, *Appellant.*

**Adverse Possession:** COLOR OF TITLE AND CLAIM OF OWNERSHIP. Constructive adverse possession of land must be founded on claim of ownership, as well as color of title.

*Appeal from Jefferson Circuit Court.*—HON. JOHN L. THOMAS, Judge.

Bakewell v. McKee.

REVERSED AND REMANDED.

*Jos. J. Williams* for appellant.

(1) The court erred in the declaration of law, given of its own motion, and in refusing the second, third and fourth declarations asked by defendant. The defendant's defense of adverse possession was sufficiently made out. Under the evidence, he was entitled to tack his possession to that of S. G. McKee, so as to perfect his title under the statute, at least to the west half of the tract, as early as 1880 or 1881. *Crispen v. Hannovan*, 50 Mo. 536. (2) The defendant was entitled to know the views of the trial court on the question of adverse possession, and asked appropriate declarations of law, which were refused. This was error. *Harbison v. School District*, 89 Mo. 184; *Cunningham v. Snow*, 83 Mo. 593.

*W. H. H. Thomas* for respondent.

RAY, C. J.—This is an action of ejectment for 77.41 acres of land, being the southeast fractional quarter of section 19, township 40, range 5, east in Jefferson county, Missouri. This suit was begun August 20, 1885, and tried by the court without a jury, at the May term, 1886. The petition is in the common form, and the answer, a general denial. Plaintiff had judgment upon the trial, and defendant has appealed.

Plaintiff is the owner of the patent title, which seems to be regular, and sufficient to pass the title, and is so found by the trial court, and as to which no objection has been suggested in the brief of counsel in this court. The case here turns upon the title of defendant, who claims under the statute of limitations, and to have had the actual, adverse, open, continuous, notorious possession for more than ten years, prior to the institution of this suit, under claim and color of title.

The court, at the close of the evidence, made a finding of the facts, and gave a declaration of law, which, omitting the portion applicable to plaintiff's title as now immaterial, is as follows : "The court also finds from the evidence that, on the twelfth day of May, 1869, one S. G. McKee received from the collector of this county a tax deed for the southeast fractional quarter of section 19, township 40, range 5 east, containing 41.16 acres ; that this deed did not convey to said McKee the legal title to this land ; but was duly recorded, and operated as color of title ; but that in 1871 or 1872, the said S. G. McKee took possession of this land, and cleared and fenced three or four acres on the west end of it ; that he possessed and cultivated this piece he had cleared from the time he cleared and fenced it till January 10, 1880, claiming to own the west half of the southeast fractional quarter, section 19, township 40, range 5 east, containing 41.16 acres ; that he did not claim to own the title to the east half of this tract of land, he supposing all the time that his tax deed did not cover the east half of the southeast fractional quarter, nor did he pay any taxes on any of it while he occupied it ; that on the sixteenth day of September, 1878, the defendant received a tax deed from the collector of said county for this land, but such deed was ineffectual to convey the legal title to him, but was duly recorded, and operated as color of title ; that when he got this deed he asserted title to the land, and demanded of S. G. McKee the possession of it ; but S. G. McKee, also claiming title, refused to deliver possession to him ; that thereupon the two met (being brothers) and selected two men to arbitrate the dispute between them, they agreeing that they would abide by their decision. The arbitrators met on January 10, 1880, and, after hearing the parties, and examining their deeds, determined the matter in favor of the plaintiff, and decided that he had the better title. It was also agreed between these parties that, if plaintiff

should be found to be entitled to the land, the same arbitrators should determine how much plaintiff should pay S. G. McKee for any valuable and lasting improvements he may have made on the land; but, after the arbitrators decided that plaintiff was entitled to the land, he offered to pay S. G. McKee twenty-five dollars for his improvements, which the latter accepted, and thereupon the latter, on January 10, 1880, indorsed on the back of his tax deed the following : 'I, S. G. McKee, relinquish my title to the within to D. F. McKee, this tenth day of January, 1880.' He did not sign this memorandum, but wrote it himself, and then delivered this tax deed thus indorsed, together with the land, over to defendant. This was all done in pursuance of the arbitration. After January 10, 1880, plaintiff continued in possession of this land, and cultivated the small piece cleared, claiming the whole of it, till the present time. Before January 10, 1880, defendant went to an attorney and exhibited his tax deed, dated in 1878, and the attorney informed him that this deed did not convey the title, but that it was color of title, and the only way he could get his title perfected was to get possession and hold it for a period long enough to get title by the statute of limitations ; and, in pursuance of this advice, the arbitration between him and his brother took place. After January 10, 1880, defendant claimed title to the land by virtue of both tax deeds ; that is, he testified he so claimed, but there was no evidence that he stated, either publicly or privately, under what deeds he claimed. Upon the above facts, as found by the court, the court declares the law to be that plaintiff is entitled to recover the whole of the land sued for."

The word "plaintiff," except in the last line in said finding, manifestly refers to this defendant D. F. McKee, who, as to the controversy and arbitration over the title with his brother, S. G. McKee, is thus mentioned by the court as "plaintiff." The court refused all the declarations of law asked on the part of defendant. The first

one in the nature of a demurrer to the evidence., The second and fourth are so drawn as to include defendant's claim to the whole fractional tract, embracing the east as well as the west half, which said claim as to the east half is not asserted in this court in the brief of counsel, and is, we believe, in effect and fact, now abandoned.

The remaining declaration, number 3, is as follows : "3. The court further declares the law to be that, if S. G. McKee took possession of a portion of the real estate sued for after he received the tax to himself read in evidence, and continued in the open, notorious, adverse possession of the same, claiming it as his own, up to the time he delivered said tax deed with the indorsement thereon to defendant ( if the court shall find the fact to be that he made such delivery ) ; and if, after receiving such tax deed and indorsement, the defendant took possession of the portion of said real estate which said S. G. McKee had theretofore possessed and claimed by virtue of his said tax deed and indorsement thereon delivered to him by S. G. McKee, and of another tax deed which he at the time held ; and if, after taking such possession, he continued to hold possession of said real estate openly, notoriously, adversely, claiming the same as his own by virtue of both said tax deeds and said indorsement ; and if such open, notorious, adverse possession and claim of title on the part of S. G. McKee and defendant together embraced a period of more than ten consecutive years prior to the institution of this suit ; then, in that event, the plaintiff is not entitled to recover the portion of said real estate so possessed and claimed by S. G. McKee and defendant, and the finding of the court should be for the defendant for such portion of the same."

This will suffice, we think, for the purpose of presenting the questions arising on the record now before us.

Although the actual possession of a part of the tract by S. G. McKee was taken under his tax deed, which was color of title to the whole fractional quarter, yet there was no adverse possession as to the east half thereof, for the reason that there was, as to that part, no claim of title on the part of S. G. McKee. Adverse possession (not actual) must be based upon both color and claim of title. Said S. G. McKee, as the evidence shows and as the court found, only claimed the west half of said southeast fractional quarter. He did not suppose that his deed covered the east half, nor did he, at any time, pay any taxes thereon, or set up any sort of claim thereto. His constructive possession, therefore, under claim and color of title only embraced the west half of said fractional quarter section.

After the arbitration between defendant and his brother, S. G. McKee, in January, 1880, the defendant, D. F. McKee, who had also obtained a tax deed in 1878 for the land in suit, upon taking possession, claimed the whole of the southeast fractional quarter, his said deed, as well as the first tax deed to his brother, being good as color of title to the whole tract. The defendant had, by his said deed color of title to the whole tract, and he also claimed title to the whole tract. But as the defendant was not in the possession for the period necessary to make title by limitation, and as his said brother, in his said possession from 1871 or 1872 to January, 1880, never claimed the east half of the quarter section, but only claimed the west half, the title by limitation of the defendant to the east half is not good. Even if the possessions of defendant can be tacked to that of his brother, and even if the claim as to the east half has not been abandoned by defendant in this court, as we think it has been, still, title by limitation cannot be made out in that behalf under this state of facts, for the want of possession for the required period under claim as well as color of title to the whole tract. As to the east half of the tract the finding of the court is, we

Bakewell v. McKee.

think, correct, and the plaintiff is, we think, entitled to recover therefor.

But the question is as to the west half of the tract, as to which as well as the east half, the court, as we have seen, also found for plaintiff. The evidence also shows, and the court found, as we will recapitulate briefly, that S. G. McKee, after obtaining in 1869 a tax deed for the land, which, though inoperative to pass the title, was good as color of title, took possession in 1871 or 1872 and cleared and fenced three or four acres in the west end of it, and possessed and cultivated the part cleared from that time until January, 1880, claiming to own the west half of the fractional quarter section, and it also further appears that at said date, to-wit, January, 1880, said S. G. McKee, after making said indorsement upon his tax deed transferred the title paper, and the possession thereof, to his brother, the defendant, who thereupon entered into the said possession and so remained, cultivating the part cleared and under fence, claiming to own the whole tract, under the tax deed and transfer of possession by his brother, as well as under the tax deed to himself, which he had obtained prior thereto. These possessions under color and claim of title to the west half, if united, were for a period of thirteen or fourteen years prior to the date of this suit.

Under the facts we are of opinion, and so hold, that the finding and judgment of the trial court as to the *east* half of the said fractional quarter section was and is correct; and to that extent its judgment is affirmed; but, as to the *west* half thereof, its finding and judgment was and is erroneous, and to that extent the same is reversed and the cause remanded, with directions to enter up judgment in favor of the defendant for the said *west* half of said fractional quarter section; and that the costs of this appeal be taxed against the plaintiff; and that each party pay one-half the costs of the trial court. All the judges concur, except BARCLAY, J., absent.