A. I. ANDERSON v. EMLIS MEADOWS.

(Filed 28 May, 1913.)

1. **Deeds and Conveyances—Invalid Grants—Adverse Possession—Color—Occupation—Constructive Possession.**

The plaintiff claims the land in dispute under a grant from the State which has been declared invalid, and also sets up and relies on a deed to a part of these lands, with evidence only of possession of the lands described in the deeds, and contained within the larger boundaries of the grant: *Held,* the plaintiff's constructive possession will only extend to the outer lines of the deed, and could not ripen his title under "color" beyond them to the lands within the description of the grant; and title by adverse possession otherwise must be confined to the lands actually occupied.

2. **Deeds and Conveyances—"Color"—Descriptions—Record—Appeal and Error.**

In this case it is *Held,* that a will relied upon by plaintiff cannot be construed as color beyond the boundaries in his deed, also introduced in evidence, the description of the lands devised not appearing in the record.

APPEAL by plaintiff from *Long, J.,* at Fall Term, 1912, of MACON.

This is an action brought by A. I. Anderson to recover a tract of land, and damages for trespasses alleged to have been committed thereon.

The plaintiff introduced State Grant No. 2596 to Jacob Shope, recorded in Book "J," page 290, dated 25 January, 1862, and recorded 2 December, 1862. Also the will of Jacob Shope, probated 18 September, 1876, and recorded in Book of Wills No. 2, page 29, which plaintiff claims conveys the property in question to the plaintiff.

Jacob Anderson for the plaintiff testified that the land embraced under State Grant No. 2596 came into the possession of A. I. Anderson, the plaintiff, who is the mother of witness, in the year 1881, at Grandmother Shope's death, and that the plaintiff in 1882 had cleared up a field upon the land embraced in that grant and had cultivated it in corn and wheat for about six years in succession, and had pastured it for eight or nine years thereafter, and it had been in cultivation by them ever since; that this field was within the boundary of State Grant No. 2596, and within the boundary of State Grant No. 2934, and entirely within the boundary of the land conveyed by J. S. Woodward to J. R. Anderson, and that they had had no possession outside of the boundary covered by the deed from Woodard to J. R. Anderson.

Mrs. A. I. Anderson, plaintiff, testified that she had had possession of the lands described in the complaint ever since 1882, when her grandmother died; that the land had been in corn, wheat, and pasture ever since, and that she went into possession of that land under the will of Jacob Shope, and that her son, Bud Anderson, was living there now by her permission.

Jacob Anderson further testified that at the time the field was cleared on the land, his father had taken the boys upon the land and cleared the field, claiming under title that their grandfather, Jacob Shope, and grandmother, Isabella Shope, had left them.

162—26

The defendants introduced State Grant No. 2934, issued to Clark Byrd in 1864, embracing Section No. 11, District No. 17, of Macon County, acquired by treaty from the Cherokee Indians and surveyed by the State in 1820, and a chain of mesne conveyances from Clark Byrd to the defendants.

The court charged the jury, among other things, as follows: "If the jury shall find from the evidence that in the year 1881, J. R. Anderson, husband of the plaintiff, bought from J. S. Woodard a portion of the land embraced in Section No. 11, and procured Woodard's deed therefor; that about the year following, viz., in 1882, J. R. Anderson and his boys entered upon the tract purchased from Woodard, cleared it, and have had it in actual possession since that time, but have had no actual possession on Section No. 11 outside of the deed from Woodard to Anderson, then the court charges you that the plaintiff is not the owner of the land in dispute, and you should answer the first issue 'No,' or 'No, except so much thereof as is covered by the Woodard deed to Anderson.'" The plaintiff excepted.

The will of Jacob Shope is not in the record, and no evidence was introduced to show what land was devised by it to the plaintiff.

There was a verdict in favor of the defendants, and a judgment rendered declaring the plaintiff the owner of the land in the Woodard deed, and the defendants the owners of the land in controversy outside of that deed. The plaintiff excepted and appealed.

*Robertson & Benbow and J. F. Ray for plaintiff.*
*Johnston & Horn for defendant.*

ALLEN, J., after stating the case: The grant under which the plaintiff claims was declared invalid on the facts appearing in the record, upon the former appeal in this action (*Anderson v. Meadows,* 159 N. C., 404), and therefore the plaintiff cannot recover any of the land outside of the Woodard deed upon a connected chain of title from the State.

She must then rely upon proof of title by adverse possession, with or without color.

ANDERSON *v.* MEADOWS.

If she relies upon adverse possession alone, her action must fail, because her actual possession has not extended beyond the Woodard deed, and title acquired by adverse possession, without color, is confined to the land occupied. Malone Real Prop., 280.

It is true that some of the witnesses speak of entering into possession of Grant 2596, but the Woodard tract is within the bounds of the grant, and when the evidence is considered as a whole, it is evident they referred to possession of the Woodard land, and it is so treated in the brief of appellant.

The last position left open to the plaintiff is that the will of Jacob Shope, which is the only paper title under which she claims, is color of title, and that her possession of the Woodard land extends to the boundaries of her color; but this contention cannot be maintained, for the reason that the description of the land devised does not appear in the record, and there is no evidence that the land in the will extends beyond the Woodard deed.

There is also no evidence of a claim by the plaintiff beyond the Woodard deed, and adverse possession does not extend beyond the claim, although this may fall short of the lines of a deed, under which one is in possession. *Haddock v. Leary,* 148 N. C., 382.

It also appears inferentially that the defendants have had possession for many years of the land outside of the Woodard deed.

We are, therefore, of opinion that the plaintiff could not, in any view of the evidence, recover more than the land in the Woodard deed, and this has been awarded to her.