Taylor, Chief-Justice,
 

 delivered the opinion of the Court:
 

 This action was brought to recover the amount of a sum betted on a horse-race, and deposited with the Defendant’s testator as a stake-holder. The sum was paid over by him to the supposed winner of the race, after notice from the Plaintiff not to do so : and the contract being illegal under the act of 1810, the question is, Ought the Plaintiff to recover ? Where money has been paid on an illegal transaction, in which both parties are equally criminal, it cannot be recovered back} for there is no reason why he wrho parted with his money freely, should have it again.
 
 Volenti non Jit injuria ;
 
 and the law in such case esteems the condition of the Defendant, the most eligible, not on account of any superior merit he has to the Plaintiff, but because the latter cannot build his claim on a moral foundation. This principle is distinctly recognised in many cases, and recently in Hauser
 
 v.
 
 Hancock,
 
 **
 
 and Edgar and another
 
 v.
 
 Fow
 
 *176
 
 ler and another.
 
 *
 
 And the first case also proves, that where money, deposited on an illegal wager, has been paid over to the winner by the consent of the loser, the latter cannot afterwards maintain an action against the former, to recover back his deposit. But the law is different where the action is brought against a stake-holder who has the money still in his possession, or has paid it over after notice not to do so. The distinction is taken in Cotton
 
 v.
 
 Thurland,
 
 †
 
 where the Plaintiff was permitted to recover a stake deposited by him on the event of a boxing’-match : and the latter case does not stand unsupported, for its authority has been admitted and confirmed in a recent case of Smith
 
 v.
 
 Bickmore;
 
 ‡
 
 which was an action brought
 
 by
 
 a person who deposited in the hands of a stake-holder, a sum of money, as a wager on the event of a boxing-match, between himself and another : and he was allowed to recover the same from the stake-holder, having demanded it before it Was paid over. In that case, Sir James Mansfield observes,
 
 “
 
 The law is got into sad confusion by con-
 
 “
 
 tradictory decisions respecting illegal contracts. But
 
 “
 
 this' case seems made for the express purpose of confinn-
 
 “
 
 ing
 
 Cotton
 
 v.
 
 Thurland.
 
 In that case, there was a doubt
 
 “
 
 about the event, exactly as in this
 
 case;
 
 and the Court
 
 “
 
 thought the money might be recovered against the stake-
 
 “
 
 holder. Now this is a case, not of an action against one
 
 “
 
 of the parties to the wager, but against a stake-holder$
 
 “
 
 therefore if is different from the cases of actions against
 
 “
 
 underwriters to recover back premiums paid on illegal “ contracts.” Whatever may be the illegality of the contract, the stake-holder is no party to it, and as long as the money remains in his hands, he ought to be accountable to some one for it: there can be no justice in his claim of detaining it. The question between a party and the stakeholder, is susceptible of views and considerations, which do not attach to it between the parties themselves. To both of the latter the law refuses its aid, on principles of
 
 *177
 
 public policy : It cannot uphold the winner, for that were to enforce a void contract, and repeal an act of Assembly: It will not assist the loser against him, because he has voluntarily parted with his money : And, as both parties have violated the law, it will not trouble itself to alter the condition in which they have placed themselves. A stakeholder receives the deposit to be paid over to the winner, and the authority given him, is countermandable at any time before the payment is made. The money may be stopped
 
 in transitu
 
 to the person entitled to receive it.
 
 *
 
 The Court think the Jury were prooerly instructed, and that the rule for a new trial should be discharged.
 

 **
 

 8
 
 Tern.
 
 575.
 

 *
 

 3 East 222.
 

 †
 

 5 Term
 
 405.
 

 ‡
 

 4
 
 Taunt.
 
 477.
 

 *
 

 3 East 225