Ruffin, Chief Justice.
 

 — We are of opinion that the survey or map of 1825 was proper evidence, upon the ground that it was made at the instance of Beazley, who was then the owner of the estate now claimed by the lessor of the plaintiff. The Lawson tract and the Davidson tract began at the same corner on the Virginia line; and the white oak, it seems from the original field book, was the common terminus of the first line of both tracts. Beazley owned the Davidson tract, and also the tract called the Burge Survey; and he claimed, according to the map, that the corner white oak of the Davidson tract stood in the line of the Burge tract. The map would be evidence against him of the extent of his estate or claim — not upon the ground that it was the work of the county surveyor, or a plan subsequently drawn by the original surveyor, upon whose certificate the patents issued, but because it was Beazley’s own act. And it is also evidence against those who claim the estate through him. But it would not be conclusive against either, and might be explained.
 
 Bridgman
 
 v.
 
 Jennings,
 
 1 Lord Ray. 734. The plat of 1822, we think, was properly rejected, because there was no evidence at whose instance it was made, nor from whose custody the paper came.
 

 There must be a
 
 venire de novo.
 

 Per Curiam. Judgment reversed.