PeaRSON, J.
 

 The grant under which the plaintiff sets up
 
 *171
 
 title, covers the
 
 locus in quo,
 
 and the question was, bow much of the land covered by this grant had been taken off by the deed to Meazles, under which the defendant sets up title ?
 

 [diagram.]
 

 It was admitted "I" was the beginning: th~ next call is-"then a straight course to the great Pin~ log branch." The plaintiff insisted this line terminated at IT; the defendant contended the terminus was at Gr. The Court properly charged the jury that the line must be run so as to strike the great Pine log branch at the nearest point, which was the line 12 3, which being intermediate between I H, and I Gf, left a part of the land in controversy out of the Meazle deed, and in regard to that part, the plaintiff was entitled to recover, unless the right was affected by the length of the possession of the defendant and those under whom lie claimed, up to the line I Gr.
 

 In reference to this second question, the evidence was that the parties under whom the present parties claim, had, many years ago, more than 20 years, run the line I G, and agreed it was the proper line separating the Meazle land from the balance of the land covered by the original grant, and “ had put light-wood stakes up against pine trees upon this line,” and had acquiesced ever since in the fact of its being the proper dividing line; neither party having ever, in disregard of it, taken possession by cultivating turpentine trees or burning tar-kilns; on the contrary both parties had cultivated turpén-
 
 *172
 
 tine trees and burnt tar-kilns up to it;
 
 with this distinction in regard to thepcvrty under whom the defendant
 
 claims,
 
 i. e.,
 
 Mary Gayner, one of the persons under whom the defendant claimed in 1834, had the line T U, run and marked the trees, and there was no proof that there had ever been any cultivation of turpentine trees or burning of tar-kilns or other species of possession west of the line I G, and south of the line T U.
 

 Let it be admitted that the possession by the defendant, and those under whom he claims for so many years, of the land west of the line I G, and north of T U, defeated the plaintiff’s title as to that part which is designated on the diagram by I 2i U, what evidence was there to defeat the plaintiff’s title to that part west of I G, and south of T U, designated upon the diagram by 2 U G 3? As to this part there never had been any species of possession, and this effect, if produced at all, must have been done by the fact that I G had been agreed on as the proper line, light-wood stakes set up against pine trees along it, and it had for more than twenty years been acquiesced in and never disregarded, so far as the acts of the parties tended'to show, during all that time.
 

 So the question presented is, can the true line of a deed be changed' and its location be transferred to another place by the fact that the parties, acting under a mistake as to its true location, had agreed that it was at a different place and was the line indicated by I U G, and not 12 3, and had, acting under this mistake, for the purpose of making
 
 Imown cmd visible
 
 what they then supposed to be the true line, set up light-wood stakes against pine trees, and ever after acquiesced in it as the true line?
 

 In regard to the land lying west of
 
 the part of this line
 
 from I to U, and north of T U, we have seen that possession may have had’ some effect; but in regard to the land lying west of
 
 the part of this line
 
 from U tb G, and south of T U, there was no possession, and the. nakéd question was, could that part of the line be changed by the facts set out above ? Ilis Honor does not intimate an opinion to that effect, but he confounds the subject by treating the whole line 1 G, as a
 
 *173
 
 unit and indivisible; whereas the persons under whom the defendant claimed, had, by running and making the line TU, and
 
 Gonfinmg the possession to the north side of this latter line
 
 divided the line I G, into two parts and made the several parts the subject of different considerations and rules of law; the one becoming a question of possession and rights that may be acquired thereby; the other being left as a mere question of boundary.
 

 Eor this error the plaintiff is entitled to a
 
 venire de novo.
 

 Pee Cueiah. Judgment reversed.