*364
 
 Ruffin, J.
 

 The description in the deed from Missell to Gainer, is not complex, calling for several objects which, upon the evidence would carry the lines to different points, but it is simple and turns out to be consistent in all its parts. It “ begins at a pine on the Little Pine Log, and runs thence, a straight course to the Great Pine Log; thence down the said Pine Log to Joseph Gainer’s line; thence along his line to the Little Pine Log, thence up Little Pine Log to the first station.” It is admitted that the beginning pine stands at I, in the plat, and it appears by the plat that the line B, H, C, is the line of Joseph Garner mentioned in the foregoing description.' It is to be observed in the first place, that there is neither course nor distance given in the deed, nor any tree called for, as a line or as a corner, except the pine at the beginning.— The question in the case then, is, how the first line is to go; to Big Pine Log Creek, certainly, as a natural boundary which is called for, and it must go there by the most direct and shortest line, since there is no diverging course given, nor any particular object on the creek as the corner. That is the construction of law on the calls for the first line, and it is found by mensuration, that I K represents the line answering to that construction. It might, perhaps,/be varied, if there were other calls in the deed for the subsequent lines, which would show that it was not really the terminus of the first1 line. But there is no part of the description as to the other lines, which can conflict with the construction establishing I E. Upon the face of the deed, therefore, that line is the true one, and it vims so laid down in the instructions to the jury. But his Honor held that it might be varied from the call, if another, I G, for example, was actually run at the time of making the deed, and that such line, then actually run, is the boundary in law. The position involves two question as applied to this case. The one is, whether it be true, in law, that the running or even marking a line different from that answering the calls of the deed, can control the calls of mesne conveyances ; which lias been gravely questioned more than once;
 
 Wynne
 
 v. Alexander, 7 Ire. Rep. 237. But this case
 
 *365
 
 does not require that point to be decided ; for another question obviously presents itself here; which is : whether there was evidence on which it ought to have been left to the jury to find that the line 16“ was actually run at the time of making the deed.” Oases have'gone the length of saying that marked trees corresponding in age, though not called fo-r, may control course and distance or the like, in a patent. Supposing that rule may be applicable to mesne conveyances also, it cannot with respect to them, extend further than it does to grants from the State. The running and marking then, must be contemporaneous with the execution of the conveyance, and that is ascertained by the yearly
 
 annular lamines
 
 of the tree, thus raising the presumption that the suryey and marking were for the particular tract conveyed, or intended to be conveyed. Of such a runninej, as it is called, nothing less than the contemporaneous marking has been deemed sufficient, or competent evidence. Here the pine at I was marked and is established ; but there was not a mark on the line from I to G, until a survey about 1829, while the deed was made in 1793. It is true, the pine at G, was marked before 1829, but when, or for what purpose, is not stated at all. Here, that deficiency of evidence was supplied by other evidence, that persons, under whom the parties claim had agreed, or admitted that the pine at G was the corner of the tract conveyed by Missell, and had respectively performed acts of ownership up to the line I G, as the line between them. Hpon the question of boundary, that is not evidence of itself, for such admissions and acts cannot change the identity of the thing described and conveyed-in the deed, as that would be to change the description hy parol and acts
 
 in pais.
 
 It may be proof in aid of marks, that the conveyance was founded on a particular survey and marking. Beyond that, it seems most dangerous to carry the exception to the general rule of law, that a deed speaks for itself and by itself, when there is no ambiguity, but a consistency in the description given in it. There are here, no vestiges of a survey and marking, from which a jury could possibly infer, that the line was “rim” for this sale,
 
 *366
 
 and that the parties adopted that running in the attempt to describe the land in the deed. It was, therefore, erroneous, to submit the point to the jury, and there must be a
 
 venire de novo.
 

 Pee Cueiam, Judgment reversed.