PHILIP BUCKNER v. LOUIS ANDERSON.

*Action to Recover Land—Description—Evidence—Charge.*

1. The different descriptions of a boundary line should be, if possible, reconciled to give effect to the grantor's intent.

2. When, in the original survey, a natural object or well known line of another tract is called for, such call will control a description of courses and distances inconsistent therewith.

3. When there is a call in a deed " thence with that line to a stake on the west bank of the branch," and to reach such " branch" which is well known, the " line " must be extended some seventeen or eighteen poles: *Held*, it is proper to follow the line so extended to the branch.

4. The charge of the Court to the jury that the line must be determined by following the line to the " branch," was not error, though there was some evidence that there was a nearer tributary of this branch.    What branch was meant, was a question for the jury.

5. The parties were not estopped by a subsequent verbal agreement fixing the line to such tributary of the branch from disputing such line.

CIVIL ACTION to recover possession of land, tried at November Term, 1891, of BUNCOMBE Superior Court, before *Merrimon, J.*

The controversy grew out of the question whether the plaintiff's line should be run from a point designated as figure 1 on the plat to 2, and thence to 12 and to 11 (so as to include the disputed territory included within the lines 2, 12, 11, 2), or whether it should be located from 1 to 2 and thence north to 11, and thence to 12, as contended by the defendant, so as to cover no part of the defendant's possession. The call which gave rise to this dispute was thence (from figure 1) with the line of said tract (admitted to be the mountain field tract, 1, 2, 3, 4, 5, 1) to a stake on the west bank of the branch.    In the beginning of the descriptive clause in plaintiff's deed, the lands are described as lying on the head

of Meadow's branch, on the Bee Tree of Bull's creek. The location Bee Tree branch is shown on the plot attached, and which was agreed upon by the parties to be used in the statement; but the location of figure 11 will be fixed further south, as indicated by a cross-mark on the line 10 to 11. The other material facts are stated in the opinion of the Court.

Mr. *W. H. Malone,* for plaintiff.
Mr. *T. F. Davidson,* for defendant.

AVERY, J.: The controversy hinges upon the location of a boundary line, and the facts are so far ascertained and admitted as to narrow it down to the legal question, what is the

true line of the deed from Ramsey and others, executors, to Ste-
phen Ammons? Beginning at figure 14 on the plat, it is agreed
that the line runs along a ridge to 14 and 16, and with the
ridge to a spanish-oak opposite to Stephen Ammons' own
corner of his mountain field tract, and thence to said corner
at 4. From 4 the call of the deed is thence "*with that line*"
(admitted to be the line of the mountain field tract), 127 poles
to a stake, which both parties agree is at 5; and from 5 the
call is "*thence with that line* to the beginning corner," which
is conceded to be located at figure 1. The main question grows
out of the location of the next line, and depends for its solu-
tion, in view of the undisputed facts, upon the construction
which the Court will give to the language of the next call,
"thence with that line to a stake on the west bank of the
branch." The land was described in the deed as "lying on
the head of Meadow's branch, on the Bee Tree of Bull's creek."
The nearest point of Bee Tree creek is at 17, which is eighteen
poles from 2, where the corner of the mountain field tract is
located, and on a prolongation of the line 5, 1, 2; but the
next succeeding line of the mountain field tract (from 2 to 3)
crosses Bee Tree branch at 11 and, according to the testimony
of some of the witnesses, Cove branch, one of its tributaries,
at 10. The point next called for being on the Dan Knob, at
12, the plaintiff contends that the proper location of the call,
which gives rise to the controversy, runs from fig. 1, with the
line of the mountain field tract to 2 (where it diverges to the
north), thence to the nearest point on the west bank of Bee
Tree at 17, so as to include the disputed territory, where the
defendant's possession lies (within the boundaries 2, 12, 11,
2). The defendant insists that the disputed line is to be so
located as to run with the boundaries of the mountain field
tract till they reach the west bank of Bee Tree branch at 11,
and thus reconcile and fulfill the two descriptions by follow-
ing the lines of the tract called for to the west bank of the
branch. The general rule which must be always observed,

if possible, is that different descriptions of a boundary line should be reconciled so as to give effect to every expression of the grantor's intent. *Proctor* v. *Pool*, 4 Dev., 370 ; *Shaffer* v. *Hahn*, 111 N. C., 1 (15 S. E. Rep., 1033); *Shultz* v. *Young*, 3 Ired., 385.

It is settled that where there is direct proof of the actual running of a line at the time of the original survey or the location of a corner called for, as the line of another tract, or on the bank of a creek, the party claiming under the deed holds to such line or corner, notwithstanding the fact that some mistaken description may be inconsistent with such a location. *Cherry* v. *Slade*, 3 Murphy, 82. It is equally true that where a point on the bank of a stream, or in a given boundary, is described in such a way as, with the aid of extrinsic proof to fix its actual location, such description will prevail over and control a conflicting call for following the line of another tract. If the call here had been for a natural object, such as a certain rock on the creek, or a stake corner of another tract, the location of which could be determined by running the boundaries of such tract, the line must have been run direct to such natural object, disregarding the call for following the line of another tract if inconsistent with the more certain description. *Cherry* v. *Slade, supra.* In a conflict of descriptions, that one must always be adopted which is the more certain, and a known objective point, or one that can be made certain by proof, is, under that rule, to be preferred to one that can be fixed at a point on an extended line or surface only by groping along another line or lines to reach it. But no particular point on Bee Tree branch, known or ascertainable otherwise than by use of the chain and compass, is designated as the terminus of the call. Indeed, the corner is, by the terms of the description, at an imaginary point—a stake. What did the grantor mean by the words " thence with that line? " Did he mean the boundary line generally, or a particular line of the mountain

field tract? The lines of the plaintiff's deed, starting from the beginning corner at 14, first intersected with the 100-acre tract at 4, and the next line, which is described as running "thence with that line 127 poles to a stake," it is admitted extends from 4 to 5. In running the call from 5 the language "thence with that line to the beginning corner of said mountain field (100-acre) tract," is by common consent interpreted to mean, not the line which immediately preceded it in the deed, or a prolongation of it, but the next line of the same tract, running eastwardly at a right angle. That particular line of the mountain field tract terminates at 1; but the next call continues in the same direction to 2, falling short seventeen poles of reaching the west bank of the creek by a direct line. It is evident that the description "with that line" was properly construed by the parties in running up to figure 1 as meaning "with the boundaries of the mountain field tract," though it became necessary to change the course from that just previously pursued in order to conform to and follow its different lines. By continuing to place the same construction upon the identical language previously used, after passing the beginning corner at 1, the two descriptions are met and reconciled. The boundary line of the mountain field tract is followed up to the very point fixed by its intersection with Bee Tree branch. Had it been impracticable to reach the west bank of Bee Tree branch by following, regardless of course, the boundaries of the other tract, both descriptions might have been met by diverging at 2 and running to the nearest point on the west bank of the branch. *Campbell* v. *Branch*, 4 Jones, 313. If a known point had been called for on the branch, course and distance as determined by the compass or by known lines might have been disregarded in order to reach it. *Redmon* v. *Stepp*, 100 N. C., 213.

The second line of defence contended for by the plaintiff, in case he should fail in holding his first position, was that,

conceding the correctness of the principle that both descriptions must be reconciled by following the lines, the first and nearest intersection with the waters of Bee Tree branch was at the west bank of Cove creek (a tributary of Bee Tree) at figure 10, and by locating the corner at that point and running thence to Dan Knob at 12, a part of the defendant's possession would still be covered by plaintiff's deed. The evidence was conflicting as to whether there was in fact any such stream as Cove branch crossing the line at 10, and considering the language of the deed the plaintiff had no ground to complain when the Court told the jury that the boundary line of the mountain-field tract must be followed to *the branch*, and it was for the jury to determine what branch was intended by the makers of the deed.

It was in evidence that the plaintiff and defendant had agreed by parol that the true boundary ran from 1 to 2, from 2 to 10, and thence to 12, and that they accordingly marked it. The Judge very properly refused to charge the jury that by such a verbal agreement, made after the boundaries were fixed, at the execution of the deed, they could be altered and the parties estopped from disputing the new location so agreed upon. *Shaffer* v. *Hahn, supra; Caraway* v. *Chancy,* 6 Jones, 361. If the Court below erred, it was in allowing the jury to take such running and marking into consideration at all, as tending to show the location of the branch called for, since the whole controversy depended upon ascertaining the point of intersection of the line with it, and neither an agreement subsequent to the execution of the deed, nor running in accordance with it, was evidence tending to locate the lines run and marked contemporaneously with the execution of the original conveyance. *Caraway* v. *Chancy, supra.*

We think that there was no error in the ruling or charge of the Court of which the plaintiff had just ground to complain. There is no error, and the judgment is

Affirmed.