W. H. HADDOCK v. N. J. LEARY ET AL.

(Filed 30 September, 1908.)

1. **Deeds and Conveyances—Color—Boundaries—Presumption of Possession.**

A claimant to disputed lands, having failed to connect his chain of title, is presumed to have possession coextensive with the boundaries of the deed under which he claims, when there is no claim of adverse possession by another of any part of the land so described.

2. **Same—Agreed Dividing Line.**

The claimant to lands under color of title will not be presumed to be in possession thereof coextensive with the boundaries of the deed under which he claims, when it is made to appear that, by agreement of the one under whom he claims and within the statutory time, a division line was run, excluding therefrom the land in dispute.

3. **Same—Evidence in Rebuttal—Questions for Jury.**

When adverse possession has ripened the title to that part of the land in dispute, and within the boundaries of the deed under which it is claimed, a dividing line afterwards agreed to by parol cannot divest it. But when the title is not so established, and not established by a connecting chain thereof by deed, evidence that such line has been established by agreement with the one under whom the claim is made within the statutory time, is competent to go to the jury to rebut the presumption that claim of possession was coextensive with the boundaries of the deed, and the effect is the same, whether the line was mistakenly or knowingly located.

ACTION tried before *W. R. Allen, J.,* and a jury, at Spring Term, 1908, of JONES, to recover damages for trespass in entering upon and cutting timber on lands described in the complaint. There was a verdict for defendants, and plaintiff appealed.

*D. L. Ward* and *P. M. Pearsall* for plaintiff.
*Simmons, Ward & Allen* and *Warren & Warren* for defendants.

BROWN, J. The plaintiff introduced a grant to Thomas Pollock, and subsequent mesne conveyance, but was unable to

connect the Duncan Cameron deed made in 1843, in the chain of title, with the grant. The Pollock grant and such deeds as plaintiff offered cover the *locus in quo.* The plaintiff, not having a connected chain of title from the State, undertook to make out his title by adverse possession. · The deed from W. G. Brinson, administrator of Hiram Brinson, to plaintiff, dated 4 June, 1891, constitutes the color of title under which plaintiff entered, and contains the same description, without courses and distances, as is found in the complaint.

The plaintiff testified that he was in possession of the land in dispute, and had been for twenty years, and that his deed covers it, but it is admitted that the plaintiff does not live on the *locus in quo* and that there is no clearing on it. The cutting of the timber by the defendants was done on their side of a line alleged by defendants to have been established by mutual consent between plaintiff and their immediate ancestor. The plaintiff denied that there was any such agreed line or that he had ever consented to it, and testified that he always claimed up to the boundaries of his deed. The defendants were permitted to prove, over the objection of the plaintiff, that the agreed line was surveyed by one Brown and that the plaintiff and Kit Bryan, defendants' ancestor, were present and agreed upon said line as the boundary of their respective lands and possessions.

The plaintiff objected to this evidence "as incompetent and irrelevant, and for the further reason that the line alleged to have been agreed upon was not run contemporaneously with the making of the deed."

The court, among other things, charged the jury as follows: "If the deed of the plaintiff covers the land in dispute, and he was in possession of the part of the land outside of the dispute, claiming to the boundaries of his deeds, his possession would extend to all the land in his deed not actually occupied by some one else. (His possession of a part would not, however, extend to any land occupied by another.)"

The plaintiff excepted to the part in parentheses.    The court further charged the jury: "If you find by the greater weight of the evidence that the plaintiff and the grantor of defendants ran an agreed line on the map from K to H to G to F, in 1895, and the plaintiff after that time did not claim beyond this line, you should answer the first issue 'No,' although you should further find that the plaintiff's deed covered the land in dispute and he was living upon a part of the land embraced in his deed."    To this part of the charge plaintiff excepted.

There is no question that, generally where a person enters into land under a claim of title thereto by deed, his entry and possession are referred to such title, and he is deemed to have a seizin of the land coextensive with the boundaries stated in his deed, where there is no open adverse possession of any part of the land so described in any other person.    If the plaintiff had shown a connected title to this land from the grant down, or if his color of title had ripened by possession into an indefeasible title prior to the marking of the agreed line in 1895, the testimony would have been incompetent, for, the plaintiff having acquired the actual title in a recognized legal manner prior to the establishment of the line, such title could not be divested by a parol agreement, in regard to the running of a division line, subsequently entered into.    For nothing is better settled in this State than that if the calls of a deed are sufficiently definite to be located by extrinsic evidence, the location cannot be changed by parol agreement, unless the agreement was contemporaneous with the making of the deed.    And this is all that the authorities cited by the learned counsel for plaintiff establish, as we read them.    *Carroway v. Chancey,* 51 N. C., 361; *Shaffer v. Hahn,* 111 N. C., 1; *Buckner v. Anderson,* 111 N. C., 577; *Roberts v. Preston,* 100 N. C., 243; *Shaffer v. Gaynor,* 117 N. C., 23, 25.

In this case plaintiff had failed to show a chain of title by deed, and was endeavoring to make out a prescriptive title by color and possession. His deed, which was colorable title, was dated 4 June, 1891. The agreed line alleged by defendants to have been run, and fixing by consent the limits of their respective possessions, was made in 1895. Consequently, at that time the plaintiff had acquired no title to any of the land, for he had not then had seven years' possession of any part of it. It was therefore competent to introduce the evidence objected to, in order to show that, after the marking of that line in 1895, the plaintiff did not claim any right or possession beyond it. The evidence was competent, not upon a question of title, but upon one of possession, for the purpose of restricting plaintiff's constructive possession. It was not offered for the purpose of changing the boundaries of a deed, but to show that plaintiff made no claim up to the boundaries of his deed after 1895, only up to this agreed line, and that by his own voluntary act he had restricted his constructive possession to the limits of the agreed line. When the grantee of a deed is seated upon a part only of the land covered by its boundaries, he must claim its boundaries in order to ripen by possession his title to the whole. He must *claim* the right and title to the whole land, in order that his constructive possession may extend to the whole. *Chief Justice Parsons* has well expressed the general principle: "When a man enters on land, *claiming* the right and title to the same, and acquires a seizin by his entry, his seizin shall extend to the whole parcel. When a man not *claiming* any right or title to the land shall enter on it, he acquires no seizin but by the ouster of him who was seized; and to constitute an ouster of him who was seized, the disseizor must have the actual, exclusive occupation of the land, *claiming* to hold it against him who was seized." *Kennebec v. Springer,* 4 Mass., 416. Mr. Malone says this is the general doctrine in all the States. In support of this the author cites

a large number of cases from our courts of last resort. Real Property Trials, p. 282, and note.

The possession which is necessary to give title under our statute of limitations is a possession under color, taken by the grantee in person or by his agents, and· held and *claimed* continuously to the boundaries of his deed, without interruption or relinquishment, for seven years together. *Grant v. Winborne,* 3 N. C., 570, and cases cited in note. This possession or occupancy of the land does not .refer to the deed, but to the fact itself and to its *hostile* character. Consequently, it follows that the occupant under color may restrict his constructive possession by his acts and declarations, showing that he does not make his claim of title coextensive with his color of title. In other words, ·there is no rule of law which will force the occupant to claim possession and title up to the boundaries of his color. He may restrict his claim of occupancy to a part of the land embraced in his color, and the law will not extend his possession, by construction, beyond his claim.

The law is accurately and clearly stated in 1 Cyc., 1134: "Actual possession of a part of the land under color of title will not draw to it constructive possession of the balance, unless such color of title is also accompanied by *claim* of title coextensive with the boundaries of the conveyance." To sustain the text the author cites cases from ten States. "The fact that a person enters under color of title does not dispense with the necessity for a claim of right; constructive possession is dependent, not only on color of title and actual possession of part of the land, but also on a claim of right to the whole." I Am. and Eng. Enc., 867; *Wade v. Johnson,* 94 Ga., 349; *Parish v. Kaspare,* 109 Ind., 586; *Bakewell v. McKee,* 101 Mo., 337; *Creekmon v. Creekmon,* 75 Va., 430. In the above case the Supreme Court of Georgia declares that "possession of land under color of title, however long continued, will not ripen into a prescriptive title if, in-

stead of being attended with a claim of right, such right be expressly disclaimed pending possession." We could quote from a great array of cases which hold substantially that constructive possession may be restricted by the acts and declarations of the occupant, indicating that he does not make his claim of title coextensive with the boundaries of his color, and some of them hold that to constitute a disseizin constructively by possession under color the occupant must not only be in actual possession of a part of the land covered by his deed, but his possession must be of such character as to indicate affirmatively that he does claim adversely the residue of the land included in it.

We think the rule of law is best stated by the Supreme Court of Vermont in *Brown v. Edson,* 22 Vt., 362, viz.: "But we know of no instance in which a possession by construction has been held to extend beyond the claim of title. We readily grant that an entry under a survey, like the one in the present case, and the occupation of a part of the land, if there be no evidence to limit and restrict the possession, will be regarded as extending the possession constructively over the entire tract included in the survey. But we think this constructive possession may · be restricted by the acts and declarations of ·the occupant, showing that he does not make his claim ·of title coextensive with the survey."

This is clearly in line with what we conceive to be the law of this State, although there is a dearth of authority upon this exact question in our own reports.

We have said, however, that one entering upon a tract of land under a deed that in form constitutes a color of title and that definitely describes the metes and bounds of the land is *presumed* to prefer claim to all of the land covered by the paper title under which he holds. *Ruffin v. Overby,* 105 N. C., 78. But this presumption in the occupant's favor is clearly not a conclusive presumption, and it may be rebutted by his adversary by proof that, although he is in

actual possession of a portion of the land, he does not claim possession or ownership beyond a certain line.

The testimony objected to is therefore competent to rebut the presumption that plaintiff claimed coextensively with his deed. It is doubtless true that plaintiff, if he made such agreed line, was honestly mistaken in locating his boundary, but the effect would be the same upon his possession beyond that line as if he had knowingly done it. The fact tended to prove a relinquishment of possession and claim, before the statutory period had expired, of the land on the side of the line where the cutting of the timber took place.

His Honor properly submitted the matter to the jury, and we think the appellant's exceptions cannot be sustained.

Affirmed.