VIOLA BODDIE v. V. N. BOND.

(Filed 6 March, 1912.)

1. Wills—Devise—Description—Parol Evidence.

A devise to the wife of "the house where we now live, with all the outhouses, embracing the peach and apple orchard," etc., is a sufficiently definite description to pass title to the property and permit the reception of parol evidence to fit the description to the land intended by the devise.

2. Deeds and Conveyances—Boundaries, Changes—Parol Evidence.

Boundary lines of lands may not be changed by evidence of a parol agreement, except where contemporaneously with the execution of the deed the physical boundaries are actually run for the purpose of making the deed and are thereby given a different placing. *Boddie v. Bond,* 154 N. C., 359, cited and applied.

3. Same—Estoppel.

Under ordinary circumstances, parties are not estopped by their parol agreement fixing the boundaries of lands at a place different from that shown in their deeds theretofore executed. *Hanstein v. Ferrell,* 149 N. C., 240, cited and distinguished.

4. Same.

The defendant having bought lands adjoining those of the plaintiff, sought to estop the plaintiff from claiming the division line given in her deed, by her acts and conduct at a subsequent time when the defendant and his vendor sought to agree upon and straighten the line between the two properties: *Held,* as there is no evidence that the plaintiff's acts or conduct induced the defendant to purchase the lands, there can be no estoppel. *Boddie v. Bond,* 154 N. C., 359, cited and applied.

APPEAL from *Justice, J.,* at September Term, 1911, of WARREN.

Civil action to recover land. Verdict and judgment for plaintiff, and defendant excepted and appealed.

The facts are stated in the opinion of the Court by *Mr. Justice Hoke.*

*T. M. Pittman, S. G. Daniel, and J. H. Kerr for plaintiff.*
*T. T. Hicks and J. M. Picot for defendant.*

HOKE, J. This case was before the Court on a former appeal from a ruling of the Superior Court judge that plaintiff was barred of recovery by reason of an equitable estoppel arising

on the facts then presented. The Court held there was error (see 154 N. C., 359), and this opinion having been certified down, there was recovery by plaintiff, and the case is now here on appeal of defendants.

On the present trial it was agreed that both parties claimed under John W. Heptinstall, deceased, and plaintiff's legal title was made to rest on a devise in his last will and testament to his wife Cornelia, and by devise of Cornelia to plaintiff. The descriptive words of the devise to Cornelia are as follows: "I give my wife, Cornelia, the house where we now live, with all the outhouses and premises, embracing the peach and apple orchard," etc. Under our authorities this description is sufficiently definite to pass title to the property and permit the reception of parol evidence to fit the description to the land intended. *Ward v. Gay,* 137 N. C., 397; *Blow v. Vaughan,* 105 N. C., 198. And the jury having found that the *locus in quo* is included within the terms of the devise to plaintiff, the question is again presented as to the existence of an equitable estoppel. On that position we find nothing in the present record which materially differs from the case as formally presented, and for the reasons so clearly stated in the opinion by *Associate Justice Walker,* the judgment in favor of plaintiff must be sustained.

On the present trial, as heretofore, it was made to appear that plaintiff, the devisee under the will of John W. Heptinstall and subsequently of Cornelia, his wife, on 24 March, 1911, sold and conveyed to a Mrs. Miles, wife of T. J. Miles, a portion of the land, being under the impression that it was all she owned in that locality or under the devise, and in the deed described the same on one side as bordering on the "line of V. N. Bond, defendant." The plaintiff, who resided in Greensboro, N. C., having come to Littleton on the day her deed bears date, for the purpose of attending a sale of her aunt's personal property, the witness T. J. Miles, husband of the purchaser of plaintiff's lot, determined to have the dividing line between the two lots determined upon, defendant contending that the true dividing line ran straight back from the Presbyterian Church lot, and T. J. Miles, the husband of the purchaser, contending that a slight deflection should be made, and a dividing line was

agreed upon between T. J. Miles, the witness and the defendant. The only difference in the evidence as shown on the two appeals is that it did not appear in the former case that plaintiff was at any time present or knew anything whatever of the occurrence, while there is evidence now appearing that she was present at the time or cognizant of what was being done; but this fact does not at all affect the result as applied to the issue. It is well understood in this State that boundary lines as contained in written deeds, dividing or other, may not be changed by parol evidence except in the one case where contemporaneously with the execution of a deed the physical boundaries are actually run and marked for the purpose of making the deed and are thereby given a different placing. And that as to deeds already executed and under ordinary circumstances parties are not estopped by their parol agreements fixing boundaries at a place different from that shown in the deeds. *Buckner v. Anderson,* 111 N. C., 575; *Shaffer v. Hahn,* 111 N. C., 1; *Carraway v. Chancy,* 51 N. C., 361; *Davidson v. Arledge,* 88 N. C., 326.

The case of *Hanstein v. Ferrall,* 149 N. C., 240, in no way conflicts with these authorities. In *Hanstein's case* long acquiescence in a certain drain as the dividing line between two lots and recognition of it as such by the adjoining proprietors was held competent and material as evidence to properly fix the correct dividing line between them, but not to change or vary it from the boundaries as contained in their deeds; and on the title to this adjoining lot, this lot in dispute held and claimed by defendant, it appears in the record, as we understand it, that defendant had bought and paid for this lot and taken a deed from one of the other devisees or heirs at law of John Heptinstall, nearly three years before this, to wit, on 10 December, 1907. As to the title, therefore, there is no evidence which shows or tends to show that what plaintiff did or said on this or any other occasion had any effect whatever in inducing defendant to buy and pay for the lot in controversy. He simply bought the lot from some one who didn't own it, and he must surrender it to plaintiff, who has the true title. As it was well said on the former appeal: "A party claiming title to lands only by reason of an equitable estoppel of the other party to

the action, arising from his alleged acts and conduct respecting a line between adjoining lands, must show that the acts and conduct relied on have misled and caused him loss or damage."

There is nothing to withdraw defendant's claim from the effect and operation of the principle, and the judgment for plaintiff, therefore, must be affirmed.

No error.