W. C. KIRKPATRICK v. W. F. McCRACKEN.

(Filed 14 December, 1912.)

**Deeds and Conveyances—Boundaries—Parol Evidence.**

> Where the divisional line between lands of adjoining owners is not well ascertained and cannot be located by the plain and unambiguous calls in the deed, it is competent to show by parol evidence its true location, and in this case it was competent to show, as evidence of the true line, that the parties had the line run by a surveyor under the agreement that it was to be by them recognized as the true line, had built a fence on it, which subsequently was destroyed by one of them.

APPEAL by defendant from *Lane, J.,* at January Term, 1912, of HAYWOOD.

Civil action. The action involved the title to land, and the usual issues were submitted and found for plaintiff and the damage assessed at $15. From the judgment rendered, defendant appealed.

*S. C. Welch, Bickett, White & Malone for plaintiff.*
*W. T. Crawford, Smathers & Morgan for defendant.*

KIRKPATRICK *v.* McCRACKEN.

BROWN, J. This controversy concerns the location of a boundary line between plaintiff's and defendant's lands, a prolific source of litigation between "Angry" Saxons, as said by the counsel for plaintiff.

There is involved the narrow strip of land lying between the red line, 1 to A, and the black line, 1 to 2, on the map, the plaintiff's contention being represented by the black line and the defendant's by the red. The other lines shown on the map are not in dispute.

Both parties offered evidence tending to locate the line according to their respective contentions, which it is unnecessary to set out.

The defendant excepts because the court admitted evidence that plaintiff and defendant had a division line run by Surveyor Parks and agreed that it was to be recognized as the true division line, and built a fence on it, which was afterwards destroyed by defendant.

We do not think the exception under the circumstances of this case can be sustained.

Where a division line between tracts of land is well ascertained, and can be located by the plain and unambiguous calls of the deed, the acts and admissions of the parties claiming the respective tracts are not competent evidence, either to change the line or to estop the party from setting up the true line. *Shaffer v. Gaynor*, 117 N. C., 15.

But where the dividing line is in dispute, and is unfixed and uncertain, the acts and admissions of the adjoining proprietors recognizing a certain line as the proper division line is evidence competent to be submitted to the jury. *Davidson v. Arlege*, 97 N. C., 172.

Parol evidence is competent to fix an uncertain controverted boundary. *Haddock v. Leary*, 148 N. C., 380.

Although held otherwise in this State, in many jurisdictions it is held that the settlement of a boundary by a parol agreement is not obnoxious to the statute of frauds. 5 Cyc., 931, and cases cited.

The reason for the rule obtaining in these jurisdictions is well stated in a Texas case, cited in the note as follows: "The reason of the rule is based upon the idea that the parties do not undertake to acquire and pass the title to real estate, but they simply fix and determine the situation and location of the thing that they already own, the purpose being simply by something agreed upon to identify their several holdings, and make certain that which they regard as uncertain." This view is also sustained by the text-books: Brown on Statute of Frauds, sec. 75; Reid on Statute of Frauds, sec. 746.

We think, however, the judge really confined this evidence excepted to to the recovery of damages for the destruction of the fence.

The other assignments of error relate to the charge of the court. We deem it unnecessary to discuss them. The issue involved was one of fact, and we think, from an examination of the charge, it was properly and fairly presented to the jury.

No error. .