The action was brought to recover a parcel of land the ownership of which depended on the true location of the dividing (67) line between the parties who were adjoining proprietors. The jury returned a verdict for the defendant, and plaintiff appealed from the judgment entered thereon.
The exceptions were all taken to the admission or exclusion of evidence. It will be necessary to consider only two or three of them.
1. Plaintiff proposed to show that the line had been run some years before the time of the trial by Posey Hyde, and that the respective owners had recognized it as the line of division between them for many years. This evidence was excluded by the Court, but we think it was competent, not to change the boundaries of the land (Davidson v.Arledge, 97 N.C. 172), or, in other words, to show that the parties had orally agreed upon a line different from the true line, but as some evidence to prove where was the true line. Haddock v. Leary,148 N.C. 378; Barfield v. Hill, 163 N.C. 262, 267. It was also relevant to show the character and extent of the possession of the parties. Following this rule, as stated in these case, we must hold that there was error in excluding the evidence. We do not think the evidence was irrelevant, as claimed by the defendant. It may not prove very much, but it proves something which the jury should consider in this very close question as to boundary. The conduct of the parties with respect to a certain line, as being the dividing line between their (68) lands, is surely some proof of their true location.
2. The defendant offered in evidence a map of "the Cherokee County, North Carolina, survey." It was admitted that this map was properly certified from the office of the Secretary of State, and no objection was taken to the map itself, as being a correct copy. But defendant proposed to prove the date of the actual surveys of tracts numbered 33 and 36, upon which the record of the surveys was based, by a *Page 74 
certificate of the date made by the Secretary of State to the effect that the surveys were made in the year 1837, as "drawn from the returns of deputy surveyors by R. Deever, P. R. S., S. R." The map was competent evidence, but a certificate as to the date of a survey, which appears upon the returns of the surveyor or deputy surveyor, is not competent to prove what was the date. The returns, if in his office, must themselves disclose their contents, and while the Secretary may certify to copies of documents filed in his office, under the law he cannot certify, independently and apart from the writing, to matter appearing on those papers.
The objections to this kind of evidence was well stated by JusticeMontgomery in S. v. Champion, 116 N.C. 987, as follows: "This certificate was offered as some evidence to show that the defendant was not worth as much as he justified for on 19 October, 1891. The defendant objected to its introduction because it did not purport to be a copy of the tax record certified as required by law to be received in evidence. We think the objection was well taken and that his Honor ought not to have overruled it. Section 1342 of The Code provide that `Copies of all official bonds, writing, papers, or documents recorded or filed as records in any court or public office shall be as competent evidence as the original when certified by the keeper of such records or writings under the seal of his office, when there is such seal, or under his hand when there is no such seal, unless the Court shall order the production of the original.' A copy is a transcript of the original — a writing exactly like another writing. The certificates used in evidence did not purport to be a copy in this sense. If such statements, as this certificate, were allowed to be used as evidence in courts of law, as copies, there would be danger that the interpretations and conclusions of the officers in charge of records would often be used in evidence instead of the exact words and figures of the original entries. The record is the evidence and must speak for itself, and the certificate of the register's office is only evidence of the correctness of the record."
This power of an officer who is the keeper of certain public records to certify copies is confined to a certification of their contents as they appear by the records themselves, and the records must, therefore, (69) be so certified, for he has no authority, under the law, to certify to the substance of them, nor that any particular fact, as a date, appears on them. The exercise of such an authority, which is not conferred by the law, would be fraught with great danger.
There are other questions raised by the appeal which are worthy of *Page 75 
serious consideration, but as those we have considered must result in a new trial, we need proceed no further with the discussion.
New trial.
Cited: Woodard v. Harrell, 191 N.C. 198; Daniel v. Power Co.,204 N.C. 277; Midgett v. Nelson, 212 N.C. 43.