RACHEL WOODARD, R. L. PINNER, MARTHA OVERTON, VIOLA PINNER, JAMES A. PINNER (THE LAST FOUR BY VIOLA CAHOON, THEIR GUARDIAN), v. B. R. HARRELL, WILLIAM BRYANT AND JOSH SWAIN.

(Filed 17 February, 1926.)

**1. Deeds and Conveyances—Boundaries—Evidence—Questions for Jury.**

Where the true dividing line between adjoining owners of land is in dispute in locating the *locus in quo,* and the call therefor in the deeds is clear and unambiguous, it only leaves for the determination of the jury, upon the evidence, the location of the line according to the boundary given in the instrument.

**2. Same—Dividing Line—Compromise—Evidence—Contracts—Writing—Statute of Frauds.**

Where the parties have not agreed upon the true dividing line between their adjoining lands, but have compromised by parol upon a dividing line to be observed, evidence of this agreement is incompetent in an action subsequently brought in which the true dividing line is at issue, it being required that the agreement as to the line settled on be reduced to writing under the Statute of Frauds.

**3. Same—Ejectment—Actions—Burden of Proof—Title.**

The plaintiff in ejectment must recover, if at all, upon the strength of his own title under the evidence, and not upon the weakness of the evidence of that of his adversary.

APPEAL by plaintiffs from *Sinclair, J.,* at December Term, 1925, of TYRRELL. No error.

The plaintiffs claim to be the owners and in possession of certain swamp land—described in the complaint—and defendants are trespassers. Plaintiffs pray that defendants be restrained and enjoined from cutting any timber, etc.

Defendants deny that they are in possession of any of plaintiff's land and pray that the action be dismissed, etc.

On motion of defendants, judgment as of nonsuit was rendered and plaintiffs duly excepted and assigned error, and also excepted and assigned error to the exclusion of certain evidence offered on the trial, and appealed to the Supreme Court. The material assignments of error and necessary facts will be considered in the opinion.

*T. H. Woodley, Aydlett & Simpson for plaintiffs.*
*McMullan & LeRoy for defendants.*

CLARKSON, J. It is not necessary to cite authorities that the rule in this jurisdiction is well settled that a plaintiff in ejectment must recover, if at all, upon the strength of his own title and not upon the weakness of his adversary.

"At the trial it was admitted that plaintiffs owned the land on the north, or northwest, and that defendants owned the land on the south, or southwest, of the true dividing line between them; and that the only questions in controversy were, (1) the location of the true dividing line, and (2) whether defendants had cut timber on plaintiffs' side thereof. Both parties claim that the true dividing line between the Wynn-Norman-Pinner land, owned by plaintiffs and the Tarkenton, McCleese, Combs land, a part of which is owned by defendant Harrell, ran from a point at or near Rolling Bridge to a cypress on the river. The plaintiffs claim the true dividing line to be a line D-A-Z-Y-X. The defendants claim it to be the line C-B-G. The land in dispute is swamp land."

In the present case, from the admissions of record: The only dispute— the plaintiffs claim the true dividing line to be the line D-A-Z-Y-X. The defendants claim it to be C-B-G. Both claim that the *true dividing line* ran from a point at or near Rolling Bridge to a cypress on the river. The burden was on the plaintiffs to prove by competent evidence the true dividing line. Plaintiffs introduced in evidence the following deeds: J. F. Davenport, executor of Joseph Wynn to Samuel Norman, dated 28 January, 1850, and recorded in Book 20, page 263. Also deed, same description, from Mark Majette, commissioner, to J. W. Pinner, dated 16 February, 1906, recorded in Book 54, at page 63: "Beginning at a cypress on the river below the Schallop's landing, a corner tree of

Joshua Tarkenton's new survey, running up the swamp binding on said Tarkenton's line to a gum at Rolling Bridge," etc. The Samuel Norman heirs were all made parties in the proceeding when the land was sold by Mark Majette, commissioner.

Plaintiffs claim to be the owners of the land through Wynn, Norman and Pinner. The plaintiffs are the heirs at law of J. W. Pinner, who is dead.

We think, from a careful examination of the record, the only material assignment of error is 17. The record on that assignment of error is as follows: "At the conclusion of plaintiff's testimony, the defendants moved to strike out all the testimony, introduced by plaintiffs tending to show that James Pinner, under whom plaintiffs claim, and John Combs, under whom defendants claim, made and marked a line in 1907, from D-A-Z, on the map and entered into a parol agreement at the time, by way of compromise, that said line should thereafter be recognized as the true dividing line between the parties. After extended argument by counsel, for both plaintiffs and defendants, the court in ruling upon said motion, entered the following order, viz.: 'It appearing to the court that each and every portion of said testimony was admitted over defendant's objection, with exceptions duly entered, and that same has been admitted subject to the final ruling of the court as to its competency, and that the motion to strike out was entered in apt time, it is ordered: That said testimony and each and all thereof, be stricken from the record.' The defendants thereupon moved for judgment as of nonsuit. Whereupon, the defendants, through their counsel, having briefly presented their views, contending that, with the above testimony stricken out, as above stated, the plaintiffs had offered no evidence sufficient to take the case to the jury, the court called upon the plaintiffs to present their views as to the sufficiency of testimony to take the case to the jury, after the motion to 'strike out' had been allowed. Whereupon, counsel for plaintiffs formerly announced that plaintiffs had nothing to say in opposition to the motion for judgment as of nonsuit. The court thereupon allowed the motion."

Surveyor appointed by the court in the case, C. W. Tatem, testified, in part, as follows: "At the time I ran this line, 1907, there were no marked trees along it. Mr. (John B.) Combs and Mr. (James W.) Pinner marked them that day. The line that was marked that day, is the line D-A, and up to the dotted line, is shown on the map. . . . Mr. Combs claimed that day, that the line we ran was not the true dividing line between these tracts, that the true dividing line ran to a point at Rolling Bridge, at or near G. The point G, at which I had designated the gum, is near Rolling Bridge, as claimed by defendant

Harrell. The line which I ran that day represented a compromise line of the contentions, as to where the true line was, as asserted at the outset."

The plaintiffs claim under the Pinner spoken of and the defendants claim under the Combs spoken of in the testimony of Tatem. It appears from the record that Pinner and Combs, in 1907, compromised and attempted to make a new line between them. This was not done in writing, but by parol. If Combs and Pinner were *locating* the *true dividing line,* the evidence is admissible, but if they were changing the *true dividing line,* the evidence was not admissible.

There is no ambiguity in the calls of the deeds introduced by plaintiffs: "Beginning at a *cypress* on the. river below the Schallops Landing, a corner tree of Joshua Tarkenton's new survey, running up the swamp binding on said Tarkenton's line to a *gum* at the Rolling Bridge." The true dividing line was not proved by plaintiffs, the burden being on them, but their witness, Tatem, testified that Combs, the day the line was being run, claimed it was not the *true dividing line*—the line ran represented a *compromise line.*

The true principle is laid down by *Smith, C. J.,* in laconic language in *Davidson v. Arledge,* 97 N. C., p. 185: "The rejected evidence should have been competent to fix an uncertain and controverted boundary, but not *to change* that made in the deed that *distinctly defines it."*

*Avery, J.,* in *Shaffer v. Gaynor,* 117 N. C., 23, said: "Admissions made in progress of a survey subsequent to the date of the deed executed to George Guilford'or even a parol agreement to mark the lines and corners in a certain way, would not have been competent to show that a line or corner was located otherwise than where a definite description contained in the deed would locate it, because the effect would be to contradict or vary a written contract, upon its face free from ambiguity, by a subsequent verbal agreement entered into without consideration. *Caraway v. Chancy,* 6 Jones, 361; *Buckner v. Anderson,* 111 N. C., 572; *Shaffer v. Hahn,* 111 N. C., 1." *Presnell v. Garrison,* 122 N. C., p. 596.

In *Haddock v. Leary,* 148 N. C., p. 380, *Brown, J.,* said: "For nothing is better settled in this State than that if the calls of a deed are sufficiently definite to be located by extrinsic evidence, the location cannot be changed by parol agreement, unless the agreement was contemporaneous with the making of the deed. And this is all that the authorities cited by the learned counsel for plaintiff establish, as we read them. *Caraway v. Chancy,* 51 N. C., 361; *Shaffer v. Hahn,* 111 N. C., 1; *Buckner v. Anderson,* 111 N. C., 577; *Roberts v. Preston,* 100 N. C., 243; *Shaffer v. Gaynor,* 117 N. C., 23, 25."

In *Boddie v. Bond,* 158 N. C., 206, *Hoke, J.,* speaking to the subject, said: "It is·well understood in this State that boundary lines as contained in written deeds, dividing or other, may not be changed by parol evidence except in the one case where contemporaneously with the execution of a deed, the physical boundaries are actually run and marked for the purpose of making the deed and are thereby given a different placing."

This rule is recognized in cases cited by plaintiffs. *Hanstein v. Ferrall,* 149 N. C., 240; *Kirkpatrick v. McCracken,* 161 N. C., 198; *Wiggins v. Rogers,* 175 N. C., 67; *Taylor v. Meadows,* 175 N. C., 377.

"What the line is, is necessarily a question of law. Where the line is, is a question of fact." *Geddie v. Williams,* 189 N. C., 336-7. The evidence of Tatem and others show that the line claimed by plaintiffs was a *compromise* or *new line* made by parol and not the *true dividing line.* The calls in plaintiffs' deeds were fixed, certain and well defined. No ambiguity. Combs and Pinner, in making a compromise or a new line, should have had their agreement reduced to writing. The evidence as to the compromise or new line was incompetent. With this evidence excluded, from a critical examination of the record, it shows that plaintiffs had no sufficient evidence to be submitted to the jury and judgment as of nonsuit was proper. There was no sufficient evidence to show that defendants trespassed on plaintiffs' land.

From the view we take, the other exceptions are immaterial and are not considered. There is

No error.