LEWIS C. WAGNER AND BESSIE M. WAGNER v. FRED C. BAUMAN AND
ELIZABETH S. BAUMAN.

(Filed 3 May, 1961.)

### 1. Adverse Possession § 23—

Evidence tending to show that plaintiffs' predecessor in title pur-
chased the land more than seven years prior to the institution of the
action, that upon controversy then arising with the adjoining land own-
ers, the parties went upon the land and agreed to certain natural objects
as marking the true boundary, that plaintiffs' predecessor in title built
a fence along this boundary, and that plaintiffs and plaintiffs' pre-
decessor in title had been in possession up to this boundary continuously
thereafter, *is held* sufficient to be submitted to the jury upon claim of
title up to such boundary by seven years possession under color.

### 2. Boundaries 4—

Evidence that at the time plaintiffs purchased the property from de-
fendants, the *feme* defendant pointed out the natural objects constituting
the boundary, is sufficient to be submitted to the jury as to the estoppel
of defendants from denying that the lines thus pointed out at the time
of the purchase and relied on by the purchaser were not the true divid-
ing lines.

### 3. Same: Boundaries § 11—

Where, after the purchase of property and the execution of deed there-
for, a dispute arises with the owners of the adjoining land as to the
location of the true dividing line, and the *feme* adjoining owner goes
upon the land and points out the natural objects which she agrees de-
termines the true boundary line, her declarations are competent as an
admission against interest, but cannot change the boundaries called for
in the deed, and an instruction giving her declarations the effect of
establishing the boundary line between the contiguous tracts must be
held for prejudicial error.

APPEAL by defendants from *Pless, J.,* November 1960 Term of
WATAUGA.

This is an action in trespass to try title. Plaintiffs alleged ownership
of two tracts described in the complaint as containing 7 acres and 13
acres respectively.

Defendants denied plaintiffs were the owners of the lands as de-
scribed in the complaint, alleging they were the owners of a portion,
which portion they did not describe.

Plaintiffs contend the two tracts adjoin, the southern boundary of
the 7-acre tract being the northern boundary of the 13-acre tract.
This line is shown on the court map by the red line and letters CBA.
Plaintiffs contend point red C is the center of a branch, point red
B is a spring at the head of the branch, and red A is a stump, formerly

a chestnut tree, Marie Spann's corner on the west edge of the Boone Road.

Defendants contend the southern line of the 7-acre tract is shown by the green line and letters C, the center of a branch, green B, a spring, and green A, Marie Spann's corner on the edge of the Boone Road.

The area in dispute is a rectangle containing approximately one acre. The court submitted an issue to the jury to determine ownership of the rectangular area. The jury answered as contended by plaintiffs. Judgment was entered on the verdict and defendants appealed.

*Louis H. Smith and Alfred R. Crisp for plaintiff appellees.*
*Wade H. Brown and Hal B. Adams for defendant appellants.*

RODMAN, J.   The 7-acre tract was conveyed to plaintiffs by C. R. Spann and wife by deed dated 11 October 1955. The description conforms to a survey made by I. A. Bumgarner on the day the deed is dated. The description as here pertinent is: "to a stake in the branch, Greene and Spann corner; thence up with the branch as follows: (courses and distances) to a point in the middle spring; thence North 85 West 26 poles to an iron stake by the road . . ."

Four days after plaintiffs purchased the 7-acre tract they purchased the 13-acre tract from defendants. The description in that deed as here pertinent is: ". . . thence north 40 deg. west 14 poles to a stake corner to Wagner and Green; thence with Wagner's line as follows: (then follows the identical courses and distances given in the deed from C. R. Spann to plaintiffs for the 7-acre tract) to a stake at a spring; thence north 85 deg. west 29 poles to a stake in the margin of Old Flat Top Road . . ."

The 7-acre tract conveyed by C. R. Spann to plaintiffs was acquired by Spann from his mother, Dora Spann, by two deeds, one dated in 1940 for 2 acres not material to this controversy, the other for 5 acres, dated 17 November 1945. The part of the description in that deed material to this controversy is: ". . . southward with C. R. Spann's line 14 poles to the center of the branch; thence up and with the branch a westward course 17 poles to the spring at the head of the branch; thence continuing a westward course with Bauman's line 24 poles to Marie Spann's corner on the West side of the Old Boone Road . . ."

There was evidence for plaintiffs that red C was in the center of the branch and that the line from red C to red B followed the branch, red B being a spring; that the line from B to A ran north 85 west to an iron pipe on the east edge of the road. On the west edge of the

road was a chestnut stump, formerly a chestnut tree, Marie Spann's corner. There was evidence for defendants that green C was in the center of a branch and the line from C to green B followed the branch. Green B was a spring. The line from green B to green A ran from the spring past an apple tree to a chestnut tree on the west side of the road, Marie Spann's corner. There was evidence for plaintiffs that shortly after C. R. Spann purchased the 5-acre tract from his mother, a controversy arose between him and his sister, the feme defendant, then the owner of the 13-acre tract, with respect to the line dividing their properties. I. A. Bumgarner, who surveyed when plaintiffs purchased in 1955, was employed to survey the line. This survey was made late in 1945 or early in 1946. Present on the survey were Mrs. Spann, grantor of C. R. Spann, feme defendant, and C. R. Spann. The feme defendant at that time pointed out the corner in the branch indicated by red C, the spring, and the chestnut, red A, as the correct line. This line was then surveyed by Bumgarner. It was the identical line which he surveyed when plaintiffs purchased from C. R. Spann in 1955. Immediately following Bumgarner's survey in 1945 or 1946 Spann built a fence along the line pointed out by feme defendant. C. R. Spann had possession up to that line until he sold to plaintiffs. The testimony with respect to the survey in 1945 or 1946 and what was then said was admitted over the objection of defendants. Defendants denied that they pointed out or recognized the line as the evidence of Bumgarner and Spann tended to show. They denied that Spann had adverse possession. They asserted that his possession was sporadic and permissive. They asserted that they then claimed that the green line was the true line.

There was testimony for plaintiffs that prior to the purchase from defendants feme defendant showed L. C. Wagner the red line as the line dividing her property from the C. R. Spann property purchased by plaintiffs. Wagner testified defendants made no claim to the land in controversy for three or four years after the execution of their deed; that the Wagner line called for in the deed from defendants to plaintiffs is the red line; that plaintiffs relied upon the declarations of feme defendant when they purchased.

The motion to nonsuit was properly overruled. There was evidence sufficient to take the case to the jury on the theory that plaintiff and his ancestor in title had acquired title to the land to the red line by possession under color for the statutory period. There was evidence sufficient to go to the jury to estop defendants from denying that the red line pointed out by feme defendant was in fact the line of the property plaintiffs purchased from C. R. Spann, because plain-

tiffs relied upon the declarations of defendants when they purchased the 13 acres.

The court charged the jury: "The Court further instructing you, gentlemen of the jury, that if you find and find by the greater weight of the evidence, without regard to the question of the fence, that in the year 1945 or 1946, that a survey of this property was made by Mr. Bumgarner, and that at that time Mrs. Bauman agreed upon the spring at Red letter B, and that the line from there to the Red letter A was thereupon fenced in in accordance with that agreement, then that would constitute an agreement as to the line, and that the parties, adjoining landowners, have a right to agree as to where the line is, and that, if the agreement was made, that would inure to the benefit of the plaintiff Mr. Wagner, and that if you should find that the line was agreed upon there, from the spring to the Red letter B to A, and that the branch from B back to C constituted the remainder of the line, then, upon that showing by the greater weight of the evidence, if you should find that to be true, the plaintiffs would be entitled to a favorable answer to this issue, that is YES."

The court further charged: "In other words, gentlemen, if the plaintiff has maintained his position, and has satisfied you by the greater weight of the evidence, either of the seven years' possession, under fence, which I have gone into fully for you, and which you will remember, or that the line was agreed upon back in 1946 as being contended for by the plaintiff at a time when it was surveyed by Mr. Bumgarner and that Mrs. Bauman and Mr. Spann agreed upon that as being the line, or if the plaintiff has satisfied you by the greater weight of the evidence that Mrs. Bauman stated to him, in contemplation of the sale of the property, that the fence was the line, and that the deed was drawn for the purpose of letting the fence be the line, then in either of those events, if shown by the greater weight of the evidence, the plaintiff would be entitled to prevail and you would answer the issue YES."

Defendants' exceptions nos. 68 and 70 are directed to those portions of the charge.

Testimony that the feme defendant in 1946 showed the surveyor the branch, spring, and other objects called for in the deed from Dora Spann to C. R. Spann, which objects then pointed out are the objects now claimed by plaintiffs as marking their southern boundary, was competent. They were admissions adverse to the claim now asserted. The fact, if it is a fact, that defendants did not challenge C. R. Spann's assertion of ownership and possession of the land in controversy could likewise be considered by the jury as an admission that the line claimed was in fact the line dividing her land from the land of C. R. Spann.

WAGNER *v.* BAUMAN.

But neither admissions nor a parol agreement made in 1946 could in fact change the boundaries of the deed made in 1945 from Dora Spann and vest title in her grantee to land not conveyed by that deed.

The distinction between competence of evidence as an admission and the effect of such admission to establish the boundary has been recognized and consistently applied by this Court. As early as 1830, *Henderson, C.J.,* in *Reed v. Schenck,* 13 N.C. 415, said: "Suppose the well was not on the line, would the party saying that the line was there change its location? It is true, such acknowledgments are evidence of the place where the marks or *termini* once were, but it is only evidence when it has been shown or appears there were some marks to which such acknowledgements pointed." *Webb v. Hall,* 18 N.C. 278; *Gilchrist v. McLaughlin,* 29 N.C. 310; *Carroway v. Chancery,* 47 N.C. 170, s. c. 51 N.C. 361; Davidson v. Arledge, 97 N.C. 172; *Shaffer v. Hahn,* 111 N.C. 1; *Shaffer v. Gaynor,* 117 N.C. 15; *Buckner v. Anderson,* 111 N.C. 572; *Haddock v. Leary,* 148 N.C. 378; *Kirkpatrick v. McCracken,* 161 N.C. 198, 76 S.E. 821; *Barfield v. Hill,* 163 N.C. 262, 79 S.E. 677; *Wiggins v. Rogers,* 175 N.C. 67, 94 S.E. 685; *Taylor v. Meadows,* 175 N.C. 373, 95 S.E. 662; *Woodard v. Harrell,* 191 N.C. 194, 132 S.E. 12.

Tested by the rule announced in these cases, it is apparent that the portion of the charge constituting defendants' exception no. 68 and that portion of the charge constituting defendants' exception no. 70, reading: "In other words, gentlemen, if plaintiff has maintained his position and has satisfied you by the greater weight of the evidence . . . or that the line was agreed upon back in 1946 as being contended for by the plaintiff at a time when it was surveyed by Mr. Bumgarner and that Mrs. Bauman and Mr. Spann agreed upon that as being the line . . . the plaintiff would be entitled to prevail and you would answer the issue YES," are erroneous and manifestly prejudicial.

The distinction between the conduct of feme defendant, owner of the land, in 1946 and her conduct in 1955 prior to her sale to plaintiffs is apparent. No one purchased relying upon her conduct in 1946.

For the reasons given, there must be a

New trial.