F. A. WHITE AND WIFE, INA M. WHITE, v. MARTHA WOODARD AND L. Z. WOODARD.

(Filed 9 April, 1947.)

**1. Boundaries § 2b—**

A call in a deed to a stake on a ditch and then with the ditch takes the line to the center of the ditch unless a contrary intent appears from the language of the instrument.

**2. Same—**

Where a call in a deed takes the boundary line to the center of a ditch, subsequent widening of the ditch would alter the center line in the direction in which the widening occurs, which change might be material, particularly in respect to urban property, and conflicting evidence as to subsequent changes in the width of the ditch and the consequent changes in the center line is properly submitted to the jury under proper instructions from the court.

**3. Adverse Possession § 19—**

In this processioning proceeding to locate the true boundary between the urban lands of the parties, plaintiffs' evidence was to the effect that they had used the strip of land in dispute as a driveway for ingress and egress to their premises for all purposes for the statutory period, that the respective parties had made aprons on the contiguous driveways to their respective properties and that the center between these aprons was the boundary line for which plaintiffs contended. *Held:* Plaintiffs' evidence of adverse user for the purpose for which the land seemed best fitted was sufficient to have been submitted to the jury, and nonsuit on the ground that such user was permissive is error.

APPEAL by plaintiffs from *Carr, J.,* at October Term, 1946, of JOHNSTON.

This was a processioning proceeding for the purpose of establishing the line between the property of the plaintiffs on the west and of the

property of the defendants on the east. The plaintiffs claim title to the narrow strip of land involved under a deed from Dr. G. B. Woodard and wife, and by adverse possession. The Clerk heard the matter and from his judgment the plaintiffs appealed, and this cause was heard before the judge presiding and a jury, and from an adverse verdict and judgment thereon, the plaintiffs appealed to the Supreme Court, assigning errors.

*Paul D. Grady, Sr., and Lyon & Lyon for plaintiffs, appellants.*
*Hooks & Mitchiner for defendants, appellees.*

SCHENCK, J.   There are two critical questions involved in this appeal: First, whether the court is correct in instructing the jury on the question of boundary that "a stake on the ditch" carried the dividing line to the center of the ditch under the facts of the case and, second, whether the court was correct in nonsuiting the plaintiffs on the question of adverse possession of the strip of land in controversy.

The disputed line is between the western boundary of plaintiffs' driveway and eastern boundary of defendants' land along the location of the strip of land above referred to. The location of that line depends upon the western boundary of the strip 7½ feet wide in the deed referred to and located by reference to the calls in senior grants. The determining call is for "a stake on a ditch" and with the ditch.

It is generally accepted that where a line is run to a stream or to "a stake on a stream" and thence with the stream, the intention is to extend the line to the middle of the stream as the true boundary, unless by the language employed the contrary appears.   8 Am. Jur., p. 764, Sec. 27. There is no reason why this should not apply to a ditch, although this is a rather indefinite term: For example, the ditch might be wide or narrow—in this case something like four feet wide—with subsequent changes in width or location. Changes in its width would obviously throw the center line in the direction in which the widening occurred,— and this might make a marked difference in the boundary line between urban property where both by reason of its value and all the necessary uses to which it might be put, would become important.

In the case at bar there is evidence that the ditch had been widened during the time witnesses professed to have known it as a dividing line between the Baptist Church property and the Woodard property. Depending upon its original width the center line may have been moved eastward or westward according to the direction of the change for a sufficient distance to practically cover the main portion of the disputed strip.

The evidence as to changes made in the width of the ditch and the consequent location of the center line was conflicting, but the instructions

to the jury on this point were adequate and the exceptions of the plaintiff cannot be sustained.

The plaintiffs introduced evidence tending to show that they and the persons under whom they claimed had used the strip of land in controversy for various periods—some of the witnesses went back 30 years,—for all the purposes for which it seemed to be fitted, for exclusive ingress and egress to their premises for all purposes, including delivery of wood, farm products, groceries, and for other purposes. See testimony of Gurney Egerton, R., p. 25; L. C. Wilkinson, R., p. 25; L. F. Elmore, R., p. 26; Ruffin Atkinson, R., p. 27; S. V. Morris, R., p. 27; E. L. Etheridge, R., p. 28, and F. A. White, R., p. 28.

The plaintiff testified that he and the defendant had made aprons on the driveways so that White could enter upon his driveway and Woodard might enter upon his driveway, and at the center between these aprons was the line for which he contends.

His Honor, upon defendant's motion, nonsuited the plaintiff on his plea of adverse possession on the ground that the use was, as a matter of law, permissive. This must be held for error since the character of the acts upon the disputed strip was, under the facts of this case, for the jury. The plaintiffs are entitled to a new trial. It is so ordered.

New trial.