# COURT OF APPEALS

OF

# NORTH CAROLINA

AT

# RALEIGH

---

J. B. WADSWORTH, JR., J. B. WADSWORTH III, JEAN L. WADSWORTH,
GUARDIAN FOR HENRY WADSWORTH AND FRANCES WADSWORTH,
MINORS v. GEORGIA-PACIFIC CORPORATION

No. 776SC822

(Filed 5 September 1978)

1. Boundaries § 8.1— boundary dispute—consent to trial before superior court
judge

   Although boundary disputes are usually tried by special proceedings
brought before the clerk of superior court under Chapter 38 of the General
Statutes, this statute is not jurisdictional and by consent a boundary dispute
may be originally tried before a superior court judge.

2. Boundaries § 10.1— boundary dispute—conditional agreement

   The parties had not made a binding agreement as to a boundary line
where the agreement was conditioned upon the settlement of a claim by plain-
tiffs for timber cut by defendant, and no settlement had been made.

3. Boundaries § 10.1— boundary disputes—acts and statements of landowners

   When a dividing line between two tracts can be located by the calls in a
deed, the statements and acts of adjoining landowners are not competent
evidence as to the location of the boundary line, but where the line in dispute
is unfixed and uncertain, the acts and admissions of the adjoining landowners
recognizing a certain line as the proper boundary line are evidence competent
to be submitted to the trier of facts.

4. Boundaries § 15.1— boundary dispute—sufficiency of evidence to support judg-
ment

   The evidence in an action to determine a boundary line between two
tracts was sufficient to support the trial court's determination that the line
was as contended for by defendant where defendant introduced evidence that

1

defendant and its predecessors in title since 1946 had considered such line as the boundary line between the tracts; defendant had cut timber up to this line and plaintiffs' predecessor in title had cut timber up to this line on his side of it; and defendant had planted timber up to such line.

Judge MORRIS concurring in result.

Judge HEDRICK dissenting.

APPEAL by plaintiffs from *James, Judge*. Judgment entered 23 February 1977 in Superior Court, BERTIE County. Heard in the Court of Appeals 28 June 1978.

The plaintiff J. B. Wadsworth, Jr. began this action by filing a complaint in which he alleged the defendant had trespassed on his land, cutting timber owned by him and planting pine trees on a part of his cultivated land. The defendant filed an answer and counterclaim in which it alleged the parties owned contiguous tracts, with J. B. Wadsworth, Jr.'s interest being a life estate. Defendant asked for damages from J. B. Wadsworth, Jr. for timber he had cut on its land. The complaint was then amended to allege the other plaintiffs had an interest in the land, and the additional plaintiffs adopted the pleadings of J. B. Wadsworth, Jr.

A jury trial was waived, and it was stipulated that neither side disputed the other side's title and that the only question was the location of the boundary line between the two tracts which question would be tried on the defendant's counterclaim. Neither side offered into evidence a deed so that the boundary line could not be established by reference to a deed. Plaintiffs and defendant offered evidence which each contended established the boundary according to their respective contentions.

The plaintiffs contended that an agreement had been reached as to the boundary which was binding on the parties. A writing designated "line agreement" was received in evidence. This consisted of a plat with a line drawn upon it by L. T. Liverman, Jr., a surveyor. It was signed by J. B. Wadsworth, Jr. and George L. Pace, a representative of Georgia-Pacific Corporation, who certified he had examined the line as shown on the map and agreed that it was correct. The agreement had been recorded in the Bertie County Register of Deed's Office. The plaintiffs also offered evidence by several witnesses, including J. B. Wadsworth, Jr., that J. B. Wadsworth, Jr. had farmed the land up to the line claimed by plaintiffs for 35 years without objection from anyone.

The defendant offered evidence through several witnesses. As to the plaintiffs' contention that the parties had agreed upon a line, the defendant's evidence was that George Pace did not have the authority to bind Georgia-Pacific and that the line agreement was not a final agreement, but was contingent on J. B. Wadsworth, Jr.'s settling of certain claims he had against Georgia-Pacific, which he refused to settle, for timber which Georgia-Pacific had cut. As to the correct location of the line, the defendant offered evidence that there had never been a line placed on the ground at the position for which plaintiffs contended, but there had been a line placed on the ground at the position for which defendant contended. There was a fence, a ditch and surveyor's chops along the line which the defendant contended had been there since at least 1946. There had never been a dispute with J. B. Wadsworth, Sr. in regard to the location of the line and when J. B. Wadsworth, Sr. cut timber on his property in the 1950's, he cut up to the line for which the defendant contended, but had not cut across it. Georgia-Pacific had in the past cut timber up to the line for which it contended. Georgia-Pacific in 1969 had planted trees up to the line for which it contended and J. B. Wadsworth, Sr. had made the statement in the presence of his son, J. B. Wadsworth, Jr., that he had built a fence along the line of the edge of the trees which Georgia-Pacific had planted.

The court entered a judgment in which it found that the line between the parties' lands is as contended for by the defendant. To support this finding, the court found that this line was well-established on the ground by old chops in trees, a fence for a part of the way and a drain or ditch for part of the way and that it corresponds with a line surveyed by Charles Hale in 1953 and J. B. Parker in 1930; that Georgia-Pacific and its predecessors in title have claimed this as the dividing line since 1930 which claim was known to the plaintiffs; that the defendant has cut and removed timber lying immediately north of the line; that J. B. Wadsworth, Sr. sold the timber on his tract in the 1950's and at that time he recognized the line claimed by the defendant and did not cut across it. As to the plaintiffs' contention that the parties had agreed upon a line, the court found that J. B. Wadsworth, Jr. could not agree upon a line because he had only a life estate in the property; that George Pace was without authority to agree on the line for Georgia-Pacific; and that there were other considera-

---

Wadsworth v. Georgia-Pacific Corp.

---

tions involved in the proposed settlement and an agreement was never reached.

*Satisky and Silverstein, by Howard P. Satisky, for plaintiff appellants.*

*Pritchett, Cooke and Burch, by Stephen R. Burch, and Roswald B. Daly, Jr., for defendant appellee.*

WEBB, Judge.

We affirm the judgment of the superior court.

[1]    This action was converted from an action for wrongful cutting of timber and trespass to one to determine a boundary line. Boundary disputes are usually tried by special proceedings brought before the Clerk of Superior Court under Chapter 38 of the General Statutes. This statute is not jurisdictional, however, and by consent a boundary dispute may be originally tried before a superior court judge. *Andrews v. Andrews*, 252 N.C. 97, 113 S.E. 2d 47 (1960).

[2]    The appellants' first contention is that the court committed error by not holding that the parties had made a binding agreement as to the boundary line. If the agreement between the parties as to the boundary line was conditioned upon something else before becoming effective—in this case the settlement of a claim by the plaintiffs for timber cut by the defendant—it was not an agreement until that settlement was made. *Lerner Shops v. Rosenthal*, 225 N.C. 316, 34 S.E. 2d 206 (1945). The Court found as a fact based on competent evidence that there was such a condition upon the agreement, and we are bound by that finding. The court made other findings in regard to the effectiveness of the line agreement which appellant contends were not proper. We do not discuss them. The finding by the court was sufficient to support the portion of the judgment which held that the agreement as to the location of the line was not final and it cannot be disturbed because there is another finding which may not be proper. 1 Strong, N.C. Index 3d, Appeal and Error, § 57.2, p. 342.

[3, 4]    The court found that the boundary line was located according to the contention of the defendant. The plaintiffs contend this was error. Since the case was tried by stipulation on the defendant's counterclaim as to the location of the boundary line, the

---

---

burden of proof was on the defendant to establish the boundary line. The question before this Court is whether the defendant offered sufficient, competent evidence to support this finding by the superior court. Neither side offered a deed in evidence, so the court could not have found the boundary on the basis of a deed. When a dividing line between two tracts can be located by the calls in a deed, the statements and acts of adjoining landowners are not competent evidence as to the location of the boundary line, but where the line is in dispute and is unfixed and uncertain, the acts and admissions of the adjoining proprietors recognizing a certain line as the proper boundary line are evidenhe competent to be submitted to the trier of the facts. *Kirkpatrick v. Mc-Cracken*, 161 N.C. 198, 76 S.E. 821 (1912); *Wiggins v. Rogers*, 175 N.C. 67, 94 S.E. 685 (1917), and *Taylor v. Meadows*, 175 N.C. 373, 95 S.E. 662 (1918). The defendant introduced evidence that Georgia-Pacific and its predecessors in title since at least 1946 had considered the line for which Georgia-Pacific contended as the boundary between the tracts. Georgia-Pacific had cut timber up to this line and the plaintiffs' predecessor in title had cut timber up to this line on his side of it. Georgia-Pacific had planted timber up to it. We hold that this was sufficient, competent evidence for the court to hold that the boundary line was as contended for by Georgia-Pacific. There was evidence from which the court could have found otherwise, but we are bound by the findings of fact of the superior court.

Some of the findings of fact to support the court's conclusion as to the location of the boundary line are not supported by the evidence. Nevertheless, the court found sufficient facts supported by competent evidence to support this conclusion and it will not be disturbed.

The judgment is affirmed.

Judge MORRIS concurs in result.

Judge HEDRICK dissents.

Judge MORRIS concurring.

I concur in the result reached. It is true that neither party introduced into evidence a deed. Under ordinary circumstances,

absent evidence that the boundary line cannot be accurately determined from the deed, the statements and acts of the landowners would not be competent evidence in locating the boundary between them. Here, however, neither party offered any objection to the evidence upon which the court based its findings as to the location of the line. Neither should now be heard to complain.

Judge HEDRICK dissenting.

As pointed out in the majority opinion neither party offered into evidence the deeds to their respective tracts. The court, therefore, necessarily based its finding that the boundary line was as contended for by the defendants on the evidence of the surveyor, Liverman, that he surveyed a line dividing the two tracts from survey chops on trees, a fence for a part of the way and a drain or ditch for part of the way. With respect to the line Liverman surveyed, which the trial court accepted as the dividing line, Liverman testified: "I did not use any other documents other than what I found on the ground to locate that line."

In my opinion the best evidence as to the location of the dividing line between the two tracts, since the respective titles were not in dispute, would be the deeds to the two tracts. In my opinion before the boundary line can be established by evidence *aliunde* the record, the party with the burden to establish the line must first prove that the dividing line cannot be located on the ground from the calls in the deeds. Thus, in the present case, it is my opinion that the trial court's finding the line to be as contended for by defendant is not supported by competent evidence. While the parties stipulated that the title to the two tracts of land was not in dispute, the plaintiff did not agree that the court could locate the line without regard to the deeds. Indeed, the record discloses that the plaintiff objected throughout the trial to the surveyor's testimony upon which the trial judge relied to locate the line. I tremble to think of the far-reaching consequences of settling boundary line disputes without regard to the record title. I vote to vacate the judgment and remand for a new trial.