J. B. WADSWORTH, JR., J. B. WADSWORTH, III, JEAN L. WADSWORTH, GUARDIAN FOR HENRY WADSWORTH AND FRANCIS WADSWORTH, MINORS v. GEORGIA-PACIFIC CORPORATION

No. 96

(Filed 20 April 1979)

**Boundaries § 8.2— children not properly before court—judgment determining boundary improper**

> The trial court erred in entering a judgment determining the boundary line between the parties' tracts of land, the question having been raised by

defendant's counterclaim, since plaintiff children, who were the remaindermen of plaintiff father's tract, were never brought into court properly so as to give the court jurisdiction over their persons and never had their day in court with respect to the true location of the boundary line.

APPEAL by plaintiffs from a decision of the North Carolina Court of Appeals affirming the judgment of *James, Judge,* entered 23 February 1977 in Superior Court, BERTIE County. The opinion of the Court of Appeals was by *Webb, Judge,* with *Morris, Judge (now Chief Judge),* concurring in the result, and *Hedrick, Judge,* dissenting (38 N.C. App. 1, 247 S.E. 2d 25 (1978)). Plaintiffs appealed as a matter of right under G.S. 7A-30(2). This case was argued as No. 122 at the Fall Term 1978.

*Satisky & Silverstein, by Howard P. Satisky, for plaintiffs.*

*Pritchett, Cooke & Burch, by Stephen R. Burch and Roswald B. Daly, Jr., for the defendant.*

Per curiam.

This action was commenced on 22 December 1975 by J. B. Wadsworth, Jr. for damages for wrongful cutting of trees on his land by defendant Georgia-Pacific Corporation. Defendant answered pleading, among other things, that defendant is in possession of certain lands, and as a counterclaim that defendant is entitled to damages for wrongful cutting of trees on its land by plaintiff J. B. Wadsworth, Jr.

On 22 March 1976 defendant's counsel notified J. B. Wadsworth, Jr.'s counsel by letter that "Mr. Wadsworth has only a life estate in the lands and we would have no objection to your making his children parties and appointing a guardian and making him a party for unborn children. We believe this necessary to a proper and final judicial termination of the matter." Thereafter, plaintiff's counsel purported to amend his complaint by leave of court and "with written permission from defendant's attorney" to say that the children of J. B. Wadsworth, Jr., to wit: J. B. Wadsworth, III, age 24; Jean L. Wadsworth, age 21; Henry Wadsworth, age 17; and Francis Wadsworth, age 13, are necessary parties plaintiff. Thereafter, Jean L. Wadsworth was appointed guardian *ad litem* for the minors, Henry Wadsworth and Francis Wadsworth. Jean L. Wadsworth then purported to

adopt for her complaint "each and every allegation of the complaint heretofore filed by J. B. Wadsworth, Jr." and prayed for the same relief as set out in the original complaint. We assume she did this in her capacity as guardian but the record does not say. Defendant filed motion on 30 July 1976 pursuant to Rule 12(b)(2) to strike "that certain paper writing entitled 'Adopting Previous Complaint' " for that "the same is improper to bring the parties within the jurisdiction of this court." This motion was never passed upon insofar as the record reveals.

The case came on for hearing before Judge James who, by consent, heard it without a jury at the 14 February 1977 Session of Bertie Superior Court. In the meantime, defendant had filed on 3 February 1977 a motion pursuant to Rule 15(a) for leave to amend its answer "to allege with specificity" the boundary line between the lands of the plaintiffs and the defendant. This motion to amend was never passed upon insofar as the record reveals. Yet defendant amended its further answer and defense to allege by course and distance a specified boundary line which it contended was the true dividing line between the parties. The record shows no counter pleading on behalf of any of the plaintiffs.

When the trial commenced Judge James inquired: "The original claim of J. B. Wadsworth in this case was dismissed by reason of the fact that he was only a life tenant and could not pursue this matter?" Defense counsel replied: "Yes sir. His father had reserved the light [sic] right and the right to cut the timber." Yet the record contains nothing to show that the original claim of J. B. Wadsworth, Jr. had ever been dismissed. Judge James then observed that this suit "concerns only the counterclaim of Georgia-Pacific for damages and the determination of the boundary line." Defense counsel said: "Yes sir. The determination of the boundary line." Judge James said: "That is understood and agreed by all?" Plaintiffs' counsel replied: "Yes sir."

All claims of plaintiffs were thereupon treated as having been dismissed and the case was tried upon defendant's counterclaim alone. Each side offered evidence concerning the location of the boundary line according to its respective contentions, but *neither side offered any deed or other record title* in evidence! Judge James then found that the line was located as contended by defendant and rendered judgment accordingly.

Plaintiffs appealed and the Court of Appeals affirmed with Judge Hedrick dissenting.

It is our view that the jumbled record before this Court is insufficient to support the finding that the claim of J. B. Wadsworth, Jr.'s children had been previously disposed of by way of summary judgment. We do not understand how any court could dispose of the claims of these children, especially the minors, before they ever became parties to the lawsuit. Since no deed or other record title was offered in evidence, *we assume* the children of J. B. Wadsworth, Jr. owned the fee, as remaindermen, in a tract of land claimed by plaintiffs and that J. B. Wadsworth, Jr. owned a life estate therein. Since defendant offered no deed or other record title in evidence, we assume it owned in fee a tract of land adjoining the Wadsworth land. Since the record contains no order permitting defendant to amend its counterclaim to include allegations setting out its contention as to the correct location of the boundary line between its property and property owned by plaintiffs, we think it was error to permit defendant to try the case on those allegations. Since defendant moved to dismiss the paper writing entitled "Adopting Previous Complaint" on the ground that "same is improper to bring the parties within the jurisdiction of this court," we assume defendant itself thought the pleadings "adopted" were insufficient to bring the children of J. B. Wadsworth, Jr. into court so as to confer jurisdiction over their persons. *See* Rule 12(b)(2), Rules of Civil Procedure. As we see it, these children were never brought into court properly and have never had their day in court with respect to the true location of the dividing line between the Wadsworth property and the Georgia-Pacific Corporation property. We take the position that the judgment herein rendered is not binding on any of these children. Without a single muniment of title being offered, and with the jumbled state of this record, we are unwilling to uphold the location of a dividing line which determines the ownership of twenty-two acres of land. It is the duty of every court to protect the interests of minors and incompetents. In our view, the judgment must be vacated and the controversy remanded for trial according to applicable law.

Judgment vacated. Cause remanded.