PEARL GOSS, BRENDA OEHLER, AND CHARLES RONALD OEHLER v. SAM STIDHAMS

No. 8323DC230

(Filed 5 June 1984)

Boundaries § 15.1— judgment in boundary dispute unsupported by evidence

In an action tried as a boundary dispute, a trial court's conclusion that "the boundary line between the parties runs in the middle of the abandoned old road" was not supported by the findings of fact or the evidence. Rather,

the evidence was clear that defendant's boundary line crossed the road to a tree and then ran with the southern edge of the road.

APPEAL by defendant from *Osborne, Judge.* Judgment entered 24 September 1982 in District Court, ASHE County. Heard in the Court of Appeals 7 February 1984.

*William F. Lopp for defendant appellant.*

*Siskind & Lonon, by John P. Siskind, for plaintiff appellees.*

BECTON, Judge.

Although this case was filed as an action in trespass, by stipulation of the parties, the case was tried "strictly as a boundary dispute," the plaintiffs and defendant disagreeing as to the proper beginning point, and the continuation, of their common boundary line. The parties further stipulated that the relevant deeds to plaintiffs and defendant were to be admitted into evidence; that the court-ordered survey performed by county surveyor, Bobby J. Oliver, was to be admitted into evidence; that the object denominated "Sugar Tree" on the right middle portion of the survey is accurately located on the plat, and is the sugar tree described in plaintiffs' two deeds; and that the "dashed area [on the survey] is an actually existing old roadbed."

Following a bench trial, the trial judge entered judgment awarding plaintiff all of the land in the dispute, and the defendant appeals. Nine of the defendant's twelve arguments on appeal concern evidentiary matters. Defendant's other three arguments concern whether the trial court's conclusion of law is supported by the evidence. We need not decide the evidentiary matters, since we find no evidence to support the trial court's conclusion of law.

In the decretal portion of its judgment, the trial court ordered, adjudged and decreed that "the boundary line between the parties lies in the middle of the abandoned old road as shown on court's exhibit #1 [the survey]." Before setting forth the findings of fact and conclusion of law which the trial court used to reach its result, we set forth the descriptions of the land involved in this dispute as contained in the deeds of the respective parties. The relevant description in plaintiff's exhibit 2 reads as follows:

> BEGINNING on a sugar tree at the old road, and running a
> westerly direction with the said old road to Wiley Elliott's
> corner; then a southern direction, with Wiley Elliott's line, to
> two red oaks on top of the mountain; then an easterly direc-
> tion with the extreme height of the ridge with Walter Stans-
> berry's line and Elihu Ham's line to a hickory corner; then a
> northern direction a straight line with Drury Greer's line to
> the BEGINNING, containing 14 acres, more or less.

Defendant's land is described in defendant's exhibit 10, as follows:

> BEGINNING at a watergap on Little Horse Creek in the old
> Drewey Greer line, running an eastward course with the
> Drewey Greer line to the old road, Drewey Greer corner;
> then with the old road to a gate, R. L. Ham's corner; then
> with R. L. Ham's line to the creek; then with the creek and
> Clora Elliott's line to the BEGINNING, containing 2 acres,
> more or less.

All the evidence shows, and no one contends otherwise, that
the position of the Drury (sometimes spelled "Drewery") Greer
corner, referred to in defendant's deed, is marked by the same
sugar tree that is the common corner of, and beginning corner in,
plaintiff's deed.

Considering these deeds, the stipulations of the parties, the
testimony of witnesses and other evidence, the trial court made
the following relevant findings of fact:

> The contentions of the parties have been surveyed by
> Bobby J. Oliver, Registered Surveyor, and are shown on
> Court's Exhibit #1, which is a part of the record in this case.
> There was at one time an old road as shown on Exhibit 1 run-
> ning between the 2 dash lines from points A to C and B to D
> as shown on said exhibit. At one time this road was apparent-
> ly in use but the evidence does not indicate whether it was a
> public road. At some point in time the road was abandoned.
> . . . The corner of the property lines for the Plaintiffs and
> the Defendant is at a sugar tree as shown on said exhibit,
> which tree is on the south bank above said old road. The calls
> in the Plaintiffs' deed, refer to 'running a westerly direction
> with the said old road,' and the calls in the Defendant's deeds
> refer to 'then with the old road to a gate.' None of the calls in
> either the Plaintiffs' deeds or the Defendant's deeds provide

for any courses and distances or provide for any further elaboration as to where along the old road their lines run.

From these findings of fact, the trial court concluded "as a matter of law that the boundary line between the parties runs in the middle of the abandoned old road as shown on Court's Exhibit #1, regardless of the fact that the corner tree lies above said old road on the south bank of the road."

Defendant implicitly suggests that we would have to engage in judicial alchemy in order to uphold the trial court's judgment, arguing thusly: "To conceive of such a notion in order to establish the starting point for the next boundary line is illogical and without merit. . . ." Countering with his contention that it takes no amount of gymnastic skills to sustain the trial court's conclusion, plaintiff argues as follows:

> [T]he trial court's determination that the boundary line would extend to the center of the road was correct. 'It can be stated as a general rule that a call for a monument as a boundary line in a deed will convey the title of the land to the center of the monument if it has width.' J. Webster, *Webster's Real Estate Law In North Carolina* § 188 (Rev. Ed. 1981).

> An example of the general rule as cited by Webster, is the case of *White v. Woodard*, 227 N.C. 332, 333, 42 S.E. 2d 94, 95 (1947). In *White*, the Supreme Court of North Carolina stated, 'It is generally accepted that where a line is to run to a stream or to "a stake on the stream," and then with the stream, the intention is to extend the line to the middle of the stream as the true boundary, unless by the language employed the contrary appears.'

> Therefore, since the Plaintiffs' deed called for 'a sugar tree at the old road and running in a westerly direction with the said old road' (Plaintiffs' Exhibit #2, stipulated to on page 8 of the Record), the trial court was correct in finding that the boundary line between the parties runs in the middle of the abandoned old road.

Plaintiff cites good law. His reliance on the cited cases is misplaced, however. The facts are different. In this case, the tree, not the road, is the "monument" with width. Since the sugar tree is the common corner of the parties and their respective deeds

then describe a call running with the said old road, the trial court's conclusion that "the boundary line between the parties runs in the middle of the abandoned old road as shown on Court's Exhibit #1, regardless of the fact that the corner tree lies above said old road on the south bank of the road" is not supported by the findings of fact or the evidence. Rather, the evidence is clear that defendant's boundary line crosses the road to the sugar tree and then runs with the southern edge of the road.

Based on the foregoing, the judgment of the trial court is vacated, and the matter is remanded for entry of judgment in accordance with this opinion.

Vacated and remanded.

Judges ARNOLD and WHICHARD concur.