JAMES A. CANADY AND DAVID ETTA CANADY CARTER v. LLOYD C. CLIFF AND WIFE, GLADYS B. CLIFF; GEORGE W. MEEKS, JR. AND WIFE, LANIE DELL MEEKS AND ALEX MEEKS

No. 885DC508

(Filed 21 February 1989)

**1. Appeal and Error § 6.8— denial of summary judgment or judgment on pleadings—no review on appeal from final judgment in trial on merits**

Neither the denial of a motion for summary judgment nor the denial of a motion for judgment on the pleadings is reviewable on appeal from a final judgment rendered in a trial on the merits.

**2. Boundaries §§ 3, 15.1— calls reversed—sufficiency of evidence**

The trial court properly determined the boundary of plaintiffs' land by relying on testimony of a surveyor who located

an unknown corner by starting at a subsequent, known corner and reversing the direction called for in the description set out in the deed.

3. **Boundaries § 11— general reputation as to location—evidence properly disregarded**

The trial court properly disregarded plaintiffs' testimony showing that others in the community believed that the boundary of their land was as they contended rather than as defendants contended, since the boundaries of the tract could be determined by reference to the description in the deed, and the testimony offered by plaintiffs did not comport with the description in their deed.

4. **Adverse Possession § 25.2— insufficiency of evidence**

Plaintiffs' evidence was insufficient to support a claim of title by adverse possession where it was limited to the reputation in the community that they owned the land and their granting of permission to others to use the land, but plaintiffs were required to present evidence of actual and continuous possession within known and visible boundaries for the statutory period.

5. **Quieting Title § 2.2— 30-year chain of title established by defendants—ownership sufficiently shown**

The trial court properly concluded that land covered by an old road was owned by defendants rather than plaintiffs where defendants established a chain of title going back more than thirty years. N.C.G.S. § 47B-2.

APPEAL by plaintiffs from *Tucker (Elton G.), Judge.* Judgment entered 11 December 1987 in District Court, PENDER County. Heard in the Court of Appeals 10 January 1989.

The parties to this appeal are involved in a dispute concerning the ownership of real property. Plaintiffs own a tract of land located in Pender County. The eastern boundary of plaintiffs' land is located near Secondary Road No. 1520 and also runs approximately parallel to the road. Secondary Road No. 1520 replaced the Old Holly Shelter Road (hereinafter "old road"), which lies to the east of Road No. 1520 and also runs approximately parallel to plaintiffs' boundary. The old road is no longer used as a road, having been abandoned for that purpose when Road No. 1520 was completed.

On 12 March 1987, plaintiffs filed a verified complaint in which they alleged that they were the owners of the land covered by the path of the old road and that defendants had committed several trespasses on that property. Plaintiffs also alleged that defendants had wrongfully obtained court orders directing the Pender County Sheriff to remove personal property belonging to plaintiffs from the land at issue. The complaint prayed for damages, injunctive relief, and "[t]hat the Defendants and every person claiming under them be barred from all claim to an estate or interest in the property . . . ."

Defendants George W. Meeks, Jr. and wife Lanie Dell Meeks filed an answer and counterclaim alleging that they owned the land covered by the old road, they used the land to gain access to other lands owned by defendants, and plaintiffs had wrongfully attempted to block defendants' use of the land. Defendants prayed for injunctive relief and punitive damages. Defendant Alex Meeks filed an answer denying the allegations in plaintiffs' complaint. Defendants Cliff filed an answer denying plaintiffs' allegations, alleging that any claim plaintiffs may have against them is barred by G.S. 1-40, and alleging an easement by necessity over the disputed land.

Plaintiffs filed a motion for judgment on the pleadings or, alternatively, for summary judgment. On 14 May 1987, the trial court entered an order consolidating plaintiffs' action with a prior action filed by defendants against plaintiffs for damages and injunctive relief with regard to plaintiffs blocking defendants' use of the land. The case came on for trial on 7 December 1987. The trial court denied plaintiffs' motion for judgment on the pleadings or summary judgment in open court. The case was then tried without a jury by consent of the parties. At the close of plaintiffs' evidence, the trial court granted defendants' motion to dismiss plaintiffs' claim. After hearing evidence on defendants' counterclaims, the trial court entered judgment decreeing that defendants George W. Meeks, Jr. and wife Lanie Dell Meeks are the owners of the land covered by the old road and enjoining plaintiffs from erecting any barricades upon that land. Plaintiffs appeal.

*James H. Locus, Jr., P.A., by James H. Locus, Jr., for plaintiff-appellants.*

*Robert U. Johnsen for defendant-appellees.*

CANADY v. CLIFF

[93 N.C. App. 50 (1989)]

PARKER, Judge.

Plaintiffs bring forward fifteen assignments of error which are consolidated under two questions presented in plaintiffs' brief. Plaintiffs' arguments, exceptions, and assignments of error raise three essential issues: (i) whether the trial court erred in denying plaintiffs' motion for judgment on the pleadings or summary judgment; (ii) whether the trial court erred in concluding that plaintiffs failed to produce sufficient evidence in support of their claim of ownership of the land in question; and (iii) whether the trial court erred in concluding that defendants George W. Meeks, Jr. and Lanie Dell Meeks are the owners of the land in question.

[1]  Plaintiffs first contend that the trial court erred in denying their motion for judgment on the pleadings or summary judgment. Neither the denial of a motion for summary judgment nor the denial of a motion for judgment on the pleadings is reviewable on appeal from a final judgment rendered in a trial on the merits. *Harris v. Walden*, 314 N.C. 284, 286, 333 S.E. 2d 254, 256 (1985) (summary judgment); *Duke University v. Stainback*, 84 N.C. App. 75, 77, 351 S.E. 2d 806, 807-08, *aff'd*, 320 N.C. 337, 357 S.E. 2d 690 (1987) (judgment on the pleadings). Therefore, the trial court's denial of plaintiffs' motion in this case is not reviewable.

We next consider whether the trial court erred in dismissing plaintiffs' claim of ownership of the land in question. Plaintiffs base their claim of title upon a deed dated 31 January 1935 which conveyed to G. W. Canady a tract of land described as Block No. 2 of the G. W. Meeks tract. G. W. Canady, who is now deceased, was the father of plaintiff James A. Canady and the grandfather of plaintiff David Etta Canady Carter. Plaintiffs' ownership of Block No. 2 is not disputed. The dispute in this case is whether or not the eastern boundary of plaintiffs' land is located to the east of the old road so as to encompass the land in question.

[2]  Plaintiffs offered the testimony of D. Horace Thompson, a surveyor who prepared a map of the disputed area. The surveyor testified that he was unable to precisely locate the eastern boundary of plaintiffs' land. Specifically, he testified that he was unable to locate the beginning point of the description in the deed. The deed provides in pertinent part:

BEGINNING At a stake in the edge of Holly Shelter Public Road runs thence North 78 degrees 5 minutes West 987 feet to a stake in the run of Man Branch . . . .

The surveyor could not locate the stake in the edge of the old road, which would be the northeast corner of the tract. The surveyor was, however, able to locate the line of the northern boundary, and he testified that the northeast corner could be located by running the course and distance of the northern boundary back from its termination point in the Man Branch. He explained his inability to precisely locate the northeast corner as follows:

> You run your course and distance on the first call of the deed, the first call of the map, on the North line. The distance to this Man Branch. If you start your distance at the Eastern edge of the branch, it will fall in the center of the Old Holly Shelter Road. If you went to the center of that Man Branch, the distance will put you on the Western edge of that road.

The surveyor subsequently testified:

> The exact location of the Eastern boundary lines, the reason I cannot say exactly where they are is because it is unclear to me, unclear on this division map whether the boundary line was the center of the Old Holly Shelter Road or on the Western edge of the Old Holly Shelter Road.

The trial court found as a fact that the eastern boundary of plaintiffs' land was the western edge of the old road. Plaintiffs did not except to this finding of fact; failure to except normally precludes a party from challenging findings of fact on appeal. *See Anderson Chevrolet/Olds v. Higgins*, 57 N.C. App. 650, 653, 292 S.E. 2d 159, 161 (1982). The trial transcript clearly shows, however, that the trial court determined that, as a matter of law, the northern boundary must run from the center of the Man Branch rather than the edge and, therefore, plaintiffs' eastern boundary is the western edge of the old road. While the location of boundaries on the ground is a question of fact, the determination of what the boundaries are is a question of law. *Cutts v. Casey*, 271 N.C. 165, 167-68, 155 S.E. 2d 519, 521 (1967). Thus, the trial court's determination of the boundary includes a reviewable question of law. Nevertheless, we find no error in the trial court's ruling.

When determining the boundaries of a parcel of land, it is permissible to locate an unknown corner by starting at a subsequent, known corner and reversing the direction called for in the description set out in the deed. *Batson v. Bell*, 249 N.C. 718, 719, 107 S.E. 2d 562, 563 (1959). The surveyor in this case used this

CANADY v. CLIFF

[93 N.C. App. 50 (1989)]

procedure to locate the beginning point of the description—the northeast corner of plaintiffs' parcel. The subsequent corner is described as "a stake in the run of Man Branch." The "run" of a branch or stream is its center; it is not the bank or edge. *See Rowe v. Lumber Co.*, 128 N.C. 301, 38 S.E. 896 (1901). The surveyor testified that, if the subsequent corner were located in the center of the branch, the northeast corner and plaintiffs' eastern boundary would be located on the western edge of the old road. Furthermore, the northeast corner is described as "a stake in the edge" of the old road. Therefore, the northeast corner could not be located in the center of the road—the alternate boundary suggested by the surveyor. *See Goss v. Stidhams*, 68 N.C. App. 773, 315 S.E. 2d 777 (1984).

[3]   In addition to their deed, plaintiffs offered testimony to show that others in the community believed that the eastern boundary of plaintiffs' land was located to the east of the old road. The reputation in a community as to a boundary is admissible evidence. Rule 803(20), N.C. Rules Evid.; H. Brandis, Brandis on North Carolina Evidence § 150 (3d ed. 1988). When the boundaries of a tract can be determined by reference to the description in a deed, however, parol evidence is not admissible to enlarge the scope of the description. *Overton v. Boyce*, 289 N.C. 291, 293-94, 221 S.E. 2d 347, 349 (1976). Similarly, the statements and acts of adjoining landowners are not competent evidence of the location of a boundary when the boundary can be located by the calls in a deed. *Wadsworth v. Georgia-Pacific Corp.*, 38 N.C. App. 1, 5, 247 S.E. 2d 25, 27 (1978), *vacated on other grounds*, 297 N.C. 172, 253 S.E. 2d 925 (1979). The testimony offered by plaintiffs did not comport with the description in their deed. One claiming title to disputed land must fit the description in his deed to the land claimed. *Cutts v. Casey*, 271 N.C. at 167, 155 S.E. 2d at 521. Therefore, the trial court properly disregarded plaintiffs' parol evidence.

[4]   Plaintiffs also contend that they obtained ownership of the old road by adverse possession for over twenty years. The record shows, however, that plaintiffs' evidence is limited to the reputation in the community that they owned the land and their granting of permission to others to use the land. This evidence is insufficient to support a claim of title by adverse possession. Plaintiffs were required to present evidence of actual and continuous possession within known and visible boundaries for the statutory period. *Mizzell v. Ewell*, 27 N.C. App. 507, 219 S.E. 2d 513 (1975). Accordingly,

CANADY v. CLIFF

[93 N.C. App. 50 (1989)]

the trial court did not err in dismissing plaintiffs' claims and ruling that the eastern boundary of their land is the western edge of the old road.

[5]    We next consider whether the trial court erred in concluding that the land covered by the old road is owned by defendants George W. Meeks, Jr. and wife Lanie Dell Meeks (hereinafter "defendants"). Defendants base their claim of title upon a deed to G. W. Meeks, the father of defendant George Meeks, Jr., dated 22 March 1904. The disputed portion of the old road is within the description contained in the deed. It was established at trial that the old road was not included in the tract lying to the east of plaintiffs' land. Thus, there was no evidence that the strip of land covered by the old road had been conveyed since 1904.

Defendant George Meeks testified that his father had two other children named Richard and Carl, his father died without a will, the other children had survived their father, and the other children were now deceased and had been survived by children of their own. By deed dated 6 April 1987, the heirs of Richard Meeks and Carl Meeks conveyed to defendants "any lands situated in Holly Township, Pender County, North Carolina . . . specifically including the area encompassed by the Old Holly Shelter Road, of which G. W. Meeks was seised at his death." By establishing a chain of title going back more than thirty years, defendants made out a prima facie case of their title to the property. G.S. 47B-2; *Heath v. Turner*, 309 N.C. 483, 488-89, 308 S.E. 2d 244, 247 (1983). Since plaintiffs failed to establish title in themselves, the trial court correctly ruled that defendants are the owners of the disputed land.

For the foregoing reasons, the judgment entered by the trial court is affirmed in all respects.

Affirmed.

Judges EAGLES and LEWIS concur.